BRIDGET BURNS

*v.*

THOMAS MIDDLETON *et al.*

*Filed at Mt. Vernon September 29, 1882.*

1. EVIDENCE—*relevancy—to contradict matters admitted by the pleadings.* Where a bill in chancery seeks to avoid a sale under a deed of trust, on the ground that $357 was fraudulently, and without consideration, added to the sum really due, and included in the note, evidence as to the transactions of the parties, and their dealings prior to the giving of the note, is irrelevant, and will not be considered. What a party admits or alleges in his pleading can not be gainsaid by him.

2. SETTLEMENT—*receipt as evidence thereof.* Where the owner of a house and lot took from a party who had been collecting rents for her, and making payments in her behalf, the vouchers for payments and statements of receipts, agreeing to send a receipt in return for them, and did send him by mail a paper acknowledging that "all money due us as rent for our real estate in, etc., to the 24th of October, 1872, except $50, which is to be applied on our note to him," has been received, and further reciting: "This is given as a receipt in full of all claims, demands or sums of money which we had against" him prior to October 24, 1872,—it was *held*, that this should be taken as evidence of an adjustment of all counter claims of such party and her husband up to that time.

3. Trustee's sale—*grounds for setting aside.* A sale of property under a deed of trust for a less sum than the indebtedness secured, will not be set aside because the holder of the indebtedness, in crediting the amount of rents collected by him of tenants of the mortgaged property, allowed no interest on the rents so received. Any proper claim for such interest will go in reduction of the unpaid balance of the debt secured. Nor will the fact that the property is sold for an inadequate price afford any ground to avoid the sale.

Appeal from the Circuit Court of Madison county; the Hon. George W. Wall, Judge, presiding.

Mr. C. F. Noetling, Mr. R. A. Halbert, and Mr. F. A. McConaughy, for the appellant:

While the mere fact of inadequacy of price may not justify the setting aside of a trustee's sale, yet this may be considered with other grounds, such as fraud and oppression, as shown in this case. In cases involving complicated accounts, running over a period of years, involving large amounts, a reference should be made to the master to state the account, and it is error not to do so. *Mosier* v. *Norton,* 83 Ill. 519; *Stewart* v. *Kirk,* 69 id. 509.

This case is one of unusual hardship and oppression, appealing strongly to the conscience of the chancellor, and should be reversed, so that the rights of the parties may be determined and properly adjusted.

Messrs. Irwin & Springer, and Mr. Levi Davis, Jr., for the appellees:

There is no proof of usury. As to reserving more than the legal rate of interest after the maturity of a note, see *Pike* v. *Crist,* 62 Ill. 461; *Wilday* v. *Morrison,* 66 id. 542; *Witherow* v. *Briggs,* 67 id. 96; *Lawrence* v. *Cowles,* 13 id. 579; *Bishop, etc.* v. *Edgerton,* 26 id. 55; *Davis* v. *Rider,* 53 id. 418; *Downey* v. *Beach,* 78 id. 53.

A strong presumption arises that a settlement of accounts between parties embraces all the items each has against the

other that are due. *Straubher* v. *Mohler*, 80 Ill. 21; *Niles* v. *Hammond*, 80 id. 396.   See further, as to force and effect of settlements, *American Ins. Co.* v. *Crawford*, 89 Ill. 62; *Stempel* v. *Thomas*, 89 id. 146; *Kellogg* v. *Moore*, 97 id. 282; *Conlin* v. *Carter*, 93 id. 536.

Where a person applies to equity for relief against usurious contracts, he must tender or offer to pay the principal, and legal interest.   *Tooke et ux.* v. *Newman et al.* 75 Ill. 215.

Inadequacy of price, even to the extent of one-third the value of the property, will not avoid the sale.   *Wild et al.* v. *Rees*, 48 Ill. 429; *Booker* v. *Anderson*, 35 id. 67; *Waterman* v. *Spaulding et al.* 51 id. 426.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On March 18, 1870, John Burns executed his promissory note to Thomas Middleton, for $5950, payable six months after date, with twelve and a half per cent per annum interest, if not paid at maturity, to secure the payment of which, Bridget Burns, the wife of said John, executed to Charles P. Wise, as trustee, her deed of trust of certain real estate in the city of Alton.   On September 20, 1873, Wise, the trustee, sold the property under the trust deed, for $5500, Middleton, the beneficiary, becoming the purchaser.   About two and one-half years after said sale Bridget Burns filed her bill in chancery in this case to set aside the sale, and for an accounting, the bill in substance alleging that the sum of $357.95 was included in said note fraudulently, and without any consideration; that June 2, 1873, Middleton demanded payment of the note, and thereupon complainant made arrangement to sell a portion of the property embraced in the deed of trust for $5000; that the amount at that time due Middleton on the note did not exceed that sum, and that complainant then offered her check for that amount to Middleton, which he fraudulently refused to accept, in order that he might obtain the property at much less than its value; that under authority

from complainant, Middleton had received the rents of the premises, and that they amounted to enough to pay the note; that he fraudulently suffered the property to remain unoccupied, to complainant's loss of $1500, and that the property at the time of the sale was worth $9000. The circuit court, on final hearing, dismissed the bill, and complainant appealed.

The note in question, of March 18, 1870, was given in part in renewal of a previous one, and the proofs taken in the case have gone into antecedent transactions of the parties in the making of notes and deeds of trust, commencing in October, 1867, as tending to show what was the amount due from Burns on March 18, 1870. But this is irrelevant under the pleadings, and we shall give no consideration to such prior transactions. The bill alleges that on March 18, 1870, John Burns was indebted to Middleton in the sum of $5562.05, and that to evidence the same the latter took a new note, and that $357.95 was added to such sum, and included in the note fraudulently, and without any consideration. The then indebtedness is admitted by the bill to be $5562.05, and it can not be gainsaid. The only objection the bill makes to the note in question, as originally given, is the inclusion in it of the added sum of $357.95. The evidence fails to sustain the allegation of the bill in regard to this item, but on the contrary, it satisfactorily shows that there was an additional advance made of this sum at the time of the giving of the note.

All that appears as to the offer and refusal of a check for $5000, which is complained of in the bill, is, that the proposition was made to Middleton that he should accept that, and release a portion of the property, which the latter refused to do, not deeming the remaining portion sufficient security for the residue of his debt. That there was no more than $5000 then due on the note, appears only from the testimony of complainant and her husband, which is fully contradicted by that of Middleton and Wise. Some insurance money and

rents were received by Middleton, but these were accounted for and credited on the note, as Middleton testifies, and Wise testifies to the admission of Burns, at the time the property was first advertised to be sold, in June, 1873, that the amount which Middleton claimed to be due upon the note was correct. The only evidence to the contrary is that of Mrs. Burns and her husband. The testimony of Middleton and Wise is corroborated by documentary evidence in the case.

It appears that Middleton and Mrs. Burns had a settlement on October 24, 1872, after which she took the vouchers for payments and statements of receipts home with her, promising to send a receipt in return for them. This she did, sending to Middleton by mail a paper acknowledging that "all money due us (the Burns') as rent from our real estate in the city of Alton, to the 24th of October, 1872, except $50, which is to be applied on our note to him," has been received, and further reciting: "This is given as a receipt in full of all claims, demands or sums of money which we had against the said Middleton prior to the 24th day of October, 1872." This should be taken as an adjustment of all counter claims of the Burns' up to that time. Since then Middleton renders a detailed statement of all receipts of rent and disbursements, and of the application of the balance upon the note, which is not controverted, except in the respect of there being no allowance of interest on rents received. Any proper claim on this account will go in reduction of the unpaid balance of the note, which is largely in excess of any such claim of interest on rents. It is no ground for setting aside the sale, nor does the inadequacy of the price at which the property was sold afford such ground. The evidence fails to show that Middleton had the renting of the premises, so as to make him chargeable for any loss of rent because of the property not being rented. It shows that the rents were collected by Middleton, and that the renting of the premises was by Burns.

Not finding there to be any preponderance of evidence in support of the allegations of the bill, we think the decree. of the circuit court dismissing the bill was correct, and the decree will be affirmed.

*Decree affirmed.*