## HORATIO J. BOWMAN, TRUSTEE,
v.
## JOHN W. ASH ET AL.

*Fraudulent Conveyances—Suit to Set Aside—Trustee's Sale—Evidence—Creditor's Bill.*

1.  A *bona fide* trustee's sale will not be set aside because the value of the property was much greater than the amount bid therefor.

2.  A trustee's sale will not be affected by an inaccurate statement of the amount of the debt, contained in the notice of the sale, unless made for fraudulent purposes.

3.  In a suit to set aside various conveyances as fraudulent, in view of the evidence it is *held:* That certain of the conveyances were in good faith and for valuable considerations, while others were properly set aside.

[Opinion filed August 27, 1890.]

IN ERROR to the Circuit Court of Madison County; the Hon. AMOS WATTS, Judge, presiding.

Mr. A. W. METCALFE, for plaintiff in error.

Messrs. WISE & DAVIS, for defendants in error.

PHILLIPS, J.   This was a creditor's bill brought by plaintiff in error, a creditor of John W. Ash and Marcus H. Topping, against John W. Ash, Margaret E. A. Ash, Jared P. Ash, Marcus H. Topping, William M. Ash, Horace C. Irwin, Joseph Atson, Mary Atson, John Haley and M. Anne Riggins. The bill alleges the rendition of a decree against Marcus H. Topping and John W. Ash, at the March term of the Madison Circuit Court, A. D. 1886, for the sum of $23,733.05, the issuing of executions and the return thereof unsatisfied. The bill alleges further that in September, 1886, one Simeon Ryder made his last will and testament, and on the 9th of April, 1877, a codicil thereto, and died in August, 1877; that Ash and Topping were executors and trustees under

said will without bond, accepted the trust and entered upon the duties thereof, and failed to account for property and moneys belonging to said estate to the amount of such decree; that before accepting such trust, John W. Ash was the owner of certain described real estate alleged to be of the value of $30,000; that in 1881 certain proceedings were commenced to require a settlement of said estate before the County Court; that on the 20th of January, 1881, a pretended deed of conveyance was made by John W. Ash to his brother Absalom T. Ash, for a pretended consideration of $5,000, conveying certain described premises, and on the 22d day of January, 1881, Absalom T. Ash conveyed the same premises, with other property, to Margaret E. A. Ash, the wife of John W. Ash, and denies that any consideration was paid for said conveyances, but if there was, it was the money of John W. Ash; that Margaret and John W., on the 16th of December, 1885, conveyed a portion of said premises to Joseph and Mary Atson, who executed a mortgage to Margaret on the lands so conveyed to them, to secure a note for $250; that on the 22d of October, 1881, another portion of such land so conveyed by Absalom T. Ash to Margaret was conveyed to William Flynn for a consideration of $1,500. It is further alleged that on the 18th December, 1882, John W. Ash and wife conveyed certain lands to Wm. M. Ash, a son, for a pretended consideration of $1,000; that on a certain execution, lands belonging to John W. Ash were sold and bid off by Horace C. Irwin for the sum of $325, who assigned the certificate to Margaret E. A. Ash, to whom a deed was made by the sheriff, and charges that John W. furnished the money to pay for the same. The bill further charges that on the 1st January, 1872, John W. Ash executed a certain deed of trust to one James Cooper as trustee, to secure one note to John P. Ash for the sum of $225; one note to Absalom T. Ash for $2,809.98, and one note to Jared P. Ash for the sum of $1,321.51, and that said notes had been paid by John W. Ash, but at the September term, 1885, of the Alton City Court, a decree was entered in a certain proceeding by which John Haley was made trustee as successor in trust to said Cooper, who under said deed sold

the lands in said deed described to Jared P. Ash on the 29th day of October, 1885, and for a consideration of $3,688.15, and said lands were averred to be worth at the time the sum of $12,000. It is further averred that on the 3d day of April, 1884, John W. and wife conveyed certain lands to one M. Anne Riggins, a daughter, for a pretended consideration of $1,000. The bill further charges that John W. Ash was the owner of a set of abstract books, which, on the 1st of January, 1887, he sold and conveyed to his brother, Jared P. Ash.

All these sales and conveyances are averred to be fraudulent and made to hinder and delay creditors. Subsequently by an amendment to the bill it is averred that on the 13th May, 1878, John W. Ash and wife conveyed certain lands to Ellen McNeil, a daughter, for a pretended consideration of $2,000, which is averred to be colorable merely and without consideration, and that Perley B. Whipple and George Smiley claim some interest in the lands so conveyed to Ellen McNeil. It is further in said amendment stated that the note and mortgage made by Joseph and Mary Atson has, since the filing of the original bill, been assigned and transferred to Henry C. Priest, who had notice of complainant's rights. Ellen McNeil and Isaac McNeil, her husband, made default. Answers were filed by John W. Ash, Margaret E. A. Ash, Jared P. Ash, William M. Ash, William Flynn, Horace C. Irwin, Joseph Atson, Mary Atson, John Haley, M. Anne Riggins and Henry C. Priest. Previous to the hearing, the bill was dismissed as to William Flynn, Perley Whipple and George M. Smiley.

The answer of Henry C. Priest states that he purchased the note secured by mortgage made by Joseph and Mary Atson for its value, principal and interest, and paid cash therefor, and had no notice of any litigation, and the same was purchased before the maturity of the note. The answer of Joseph and Mary Atson admits the purchase of premises alleged, but denies all fraud or notice of any, and avers they were *bona fide* purchasers for value, to-wit, $8,000—$5,500 cash, and note secured by mortgage due four years from date for $2,500. The answer of William M. Ash admits the exe-

cution of a deed to him as alleged in the bill, but denies any fraud or notice of any rights of complainant or any one else; and avers he is an innocent purchaser, and paid $1,000 for the property conveyed to him. The answer of John Haley admits the execution of deed under power in the deed of trust and decree of court as trustee, for the price stated in the bill, and the conveyance of the same to Jared P. Ash, and avers he acted in good faith, and denies all fraud. The answer of M. Anne Riggins admits the conveyance to her, as alleged in the bill, and denies it was fraudulent, but was made in good faith and for a valuable consideration.

The answer of Horace C. Irwin admits the purchase of the property on execution sale and assignment of certificate to Margaret E. A. Ash, but denies all fraud, or that John W. Ash furnished the money, or that the purchase and assignment was by any previous arrangement or agreement. That he was not in debt to any one and made the assignment in good faith. The answer of Jared P. admits the execution of deed of trust, the decree appointing the successor in trust and the sale by the trustee and conveyance to him, and avers the note and deed of trust were in good faith for a valid debt owing him and no part of the principal or interest had been paid, and the whole amount was due him when the sale took place. Denies all fraud or collusion. Admits the purchase of the abstract books and avers the purchase for value. The answer of John W. Ash admits the decree, but denies all fraud charged, avers the conveyances were made in good faith and for a valuable consideration. The answer of Margaret E. A. Ash denies all fraud charged, and avers the conveyance to her for a valuable consideration, and alleges the money paid for the same was acquired by her from persons other than her husband and by her own exertions. A decree was entered setting aside the conveyance made to M. Anne Riggins, also setting aside the deed of the property conveyed by the sheriff to Margaret A. E. Ash, but all other allegations were found for the defendants and the bill dismissed as to all other matters. The complainants sue out this writ of error and assign for error the finding of the court for the defendants.

The conveyance to William M. Ash, made by John W. and Margaret Ash, is shown by the evidence to be lands conveyed to Margaret Ash by Absalom T. Ash, and were never owned by John W. Ash.   The decree so finds, and is warranted by the evidence.   It was not error to dismiss the bill as to Wm. M. Ash.   The evidence shows that on the 1st of January, 1872, a deed of trust was made by John W. Ash to James T. Cooper to secure certain notes; that deed of trust was made prior to the execution of his will by Ryder; the evidence shows the notes were due and unpaid.   The sale made by Haley of the premises in the deed of trust described, under the decree appointing him successor in trust, is sought to be set aside by denial of the indebtedness, claiming the same had been paid, and by reason of the value of the property being much greater than the amount bid thereon.   There is no evidence to show the payment of the indebtedness, but on the contrary the existence of the indebtedness and the good faith of the parties to the deed and the decree is shown.   Knowledge of the time of sale existed, and the fact that the value of the property was much greater than the amount bid at the sale would not authorize the sale to be set aside where the transaction was shown to be in good faith.   Parmly v. Walker, 102 Ill. 607; Cleaver v. Green, 107 Ill. 68; Burns v. Middleton, 104 Ill. 411.

The objection made in argument, that the sale by Haley, as trustee, is not authorized by anything appearing in evidence, is obviated by the averments of the bill, which show a decree appointing Haley successor in trust.   It is further insisted, in argument, that the notice given by the trustee is so defective that the sale made under the deed of trust should be set aside, as the sale was made to pay principal and interest of a note for $3,137.91, while the notice was for a sale to be made for the default in payment of a note for $1,321.55.   The notice, however, gives the date of the note and the rate of interest. But the deed of trust only requires the notice to state the time, terms and place of sale, and that is contained in the notice.   An inaccurate statement of the amount, unless done for fraudulent purpose, can not affect the sale.   Bush et al. v.

Sherman, 80 Ill. 160; Fairman v. Peck et al., 87 Ill. 156. Jenkins v. Pierce et al., 98 Ill. 646.

It was not error to dismiss the bill as to Jared P. Ash and John Haley so far as that conveyance is sought to be set aside. As to the conveyance made by John W. Ash to Absalom T. Ash of certain premises on the 23d of January, 1881, which premises were conveyed by Absalom T. Ash to Margaret E. A. Ash on the 22d of January, 1881, Margaret E. A. Ash testifies that from the time of her marriage in 1852 to the time of the conveyance, she had kept boarders, doing all the work of her household, and the money derived therefrom was given to her husband by her to be kept by him for her, and that she received a small inheritance from an ancestor to the amount of $450, and that that amount made by her in keeping boarders, thus placed in the hands of her husband, amounted to the sum of $14,000. Her husband testifies to the same state of facts. The consideration of the conveyance by Absalom T. Ash to Margaret E. A. Ash is the sum of $6,000, and that amount is by both husband and wife sworn to have been paid to Absalom T. Ash. It is insisted that the earnings of the wife, prior to the act of 1869, belonged to the husband; without considering that question it is sufficient that over ten years elapsed after that act and before this conveyance. The only evidence as to this transaction came from the parties to it and these witnesses were all called by the complainants and there is no evidence to show the facts so testified to, to be untrue.

It was held in Sawyer et al. v. Mayer et al., 109 Ill. 461: " These witnesses were all produced by complainants, and every one of them says the sales were in good faith, for a valuable consideration, which was fully paid. Many of the answers of the witnesses as to where they got the money with which to make the purchase are very unsatisfactory, and it is argued for that reason they ought not to be believed. But whom shall we believe? These are the most material witnesses and if their testimony is rejected the record contains no evidence whatever tending to impeach, in any considerable degree, the fairness of the several conveyances.

Should the testimony of these witnesses be considered, that which makes for them must be considered as well as that which is against them. When that is done it is seen that these were actual sales in good faith, upon a sufficient money consideration, and with no intent to hinder and delay the creditors of the grantor in the collection of their claims against him. The burden of proving the conveyances fraudulent and done with intent to hinder and delay the creditors of the grantor, rested upon complainants, and that has not been done. All of the defendants examined as witnesses, testify to the fairness of the conveyances, and unsatisfactory as the testimony is in some respects, there is nothing in the record that sufficiently overcomes it." With the sale thus proven, however unsatisfactory this evidence may be, it is the only evidence offered by complainants; it must be held sufficient to show the good faith of the transactions, the conveyance by John W. to Absalom T., is by John W. testified to have been for a valuable consideration. Long before the death of Ryder and before the execution of his will, John W. was indebted to Absalom T. in the sum of $2,809.88, for which he executed a note at ten per cent interest, and the same was secured by a deed of trust, and John W. testifies that he made the conveyance of the lands in satisfaction of the indebtedness to Absalom T.

There is no evidence in conflict with this, that the finding of the court that the conveyance from John W. to Absalom T., and by Absalom T. to Margaret E. A., were made in good faith and for a valuable consideration, was authorized from the evidence. Of the lands so conveyed to Margaret E. A. Ash, she conveyed to Joseph and Mary Atson a part of the same for a valuable consideration—receiving $5,500 cash, and a note for $2,500, secured by a mortgage, and that note, for a valuable consideration, she assigned to Henry C. Priest. It was therefore not error to dismiss the bill as to Joseph and Mary Atson and Henry C. Priest.

The sale of the abstract books to Jared P. Ash and the payment for the same is testified to by Jared P. and John W., both called by complainant, and under the rule announced in Sawyer v. Mayer, *supra*, it was not error to dismiss the bill

as to Jared P. Ash. "The defendant in error M. Anne Riggins, in her own right and as one of the heirs of Margaret E. A. Ash, deceased, assigns cross-errors, that the court erred in decreeing that the deed made by the sheriff of Madison county to Margaret E. A. Ash was fraudulent, and that the deed by John W. and Margaret E. A. to M. Anne Riggins was fraudulent. The evidence shows the assignment of the certificate by Irwin to Margaret E. A. was procured by John W. without the knowledge of Margaret, and while there is no evidence showing how Irwin was paid, yet, the assignment appearing to have been procured by John W., the decree properly set aside the conveyance so made by the sheriff.

The only consideration shown for the execution of the deed by John W. and Margaret to M. Anne Riggins, is by the testimony of John W. Ash; he states that the note for $225, made by him to John P. Ash and secured by the deed of trust, was by John P. given to his daughter, and when asked as to the consideration, answered: "My daughter held the note of $225, given by me to my father in the deed of trust to Cooper at the time the deed was made April 30, 1884; she gave me the note or due-bill for $497, made payable out of rents to be collected by me, which I collected and applied on the note." If this answer means anything it means he was to pay the notes out of rents collected. From this answer it does not appear the note was delivered as the consideration for the conveyance, but payment made on the note from rents collected; the amount of such payments is not shown. It was not error to set aside the conveyance made to M. Anne Riggins. Finding no error in the record the decree is affirmed.

*Judgment affirmed.*