St. Louis, Jacksonville & Chicago Railroad Co.

*v.*

James Terhune.

1. New trial—*conflict of evidence*. Where there is a conflict of evidence, it is the province of the jury to determine, from all the facts and circumstances, the weight to which it is entitled, and their finding will not be disturbed, unless it is unsupported by the proof.

2. Negligence—*what constitutes*. An omission to perform a duty imposed by statute, is *prima facie* negligence.

3. So, in a suit against a railroad company for damages resulting from a failure to comply with the requirements of the statute, relative to sounding the whistle or ringing the bell at public road crossings, an instruction which informed the jury that such omission was *prima facie* negligence was properly given.

4.  Former decisions.  In the case of the *Galena & Chicago Union R. R. Co.*
v. *Dill*, 22 Ill. 271, it was *held*, that it was a question of fact, for the jury to
determine, whether such omission was negligence ; but the statute imposing
that duty upon railroad companies, had been repealed as to that company, and
hence it was a question arising under the common law, whether such omission
was negligence.

Appeal from the Circuit Court of Menard county; the Hon.
Charles Turner, Judge, presiding.

This was an action on the case brought by Terhune against
the St. Louis, Jacksonville & Chicago Railroad Company, to
recover for damages resulting from an alleged violation of the
statute, imposing upon railroad companies the duty to ring
the bell or sound the whistle upon the engine at the crossing
of public highways, as therein provided.  The plaintiff
alleged, that by reason of the failure of the defendant to com-
ply with the statute in that regard, two cows, property of the
plaintiff, of the value of $300, were run over and killed.  On
the trial the jury returned a verdict for the plaintiff, and
assessed his damages at $150.  A motion for a new trial was
overruled, and final judgment rendered upon the verdict.
The defendants bring the cause to this court on appeal, and
assign various errors upon which they rely for reversal.

Messrs. Roberts & Greene and Mr. N. W. Branson, for
the appellants.

Mr. T. W. McNeely, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

The question of the weight of evidence was for the jury,
and they having determined it, we will not disturb their find-
ing, unless it is not supported by the proof.  It is their
province to weigh and reconcile the evidence where it may be
done, and if not, then to give it such effect as it is entitled to

receive, rejecting such portions as may be unworthy of belief, and giving due weight to such as they may believe to be true. In this case there was a conflict of evidence as to whether a bell was rung or a whistle sounded for the distance required by law before reaching the road crossing where the cattle were killed. The jury having found there was not, we are not prepared to hold their finding is not supported by the evidence.

Appellants insist that the court below erred in giving appellee's third instruction. It informed the jury that the omission to ring a bell or sound a whistle at the road crossing as required by the statute, was *prima facie* evidence of negligence. In the case of the *Galena & Chicago Union R. R. Co.* v. *Dill*, 22 Ill. 271, it was held that it is a question of fact, to be determined by the jury, whether such an omission is negligence. In that case, the statute imposing that duty on railroad companies had been repealed as to that road, and hence it was a question arising under the common law, whether such an omission was negligence. That case is not therefore an authority in this, as the question presented by this instruction is whether the omission of a duty imposed by the statute constitutes *prima facie* negligence, or whether in such a case the plaintiff is bound to prove other omissions of duty which constitute negligence. In the case of *The Great Western R. R. Co.* v. *Geddis*, 33 Ill. 304, which was similar in its facts to this, it was held that the failure to ring a bell or sound a whistle at a road crossing was negligence that should render the company liable for injuries, growing out of the omission, that might be occasioned by their engines, to persons or property; that the omission to perform an act imposed by the statute was negligence. In that case the cases of *The Ill. Cent. R. R. Co.* v. *Phelps*, 29 Ill. 447, and *The Ill. Cent. R. R. Co.* v. *Goodwin*, 30 Ill. 117, were referred to and distinguished from Geddis' case. It was said of those cases that the animals were killed at a place where the statute did not require the signal to be given, whilst in Geddis' case the injury to the animal was at a highway crossing where the

signal was required. That case is in point and must govern this. The court below did not err in giving this instruction. No error being perceived in this record the judgment of the court below must be affirmed.

*Judgment affirmed.*