THE ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

CYRUS W. COLE.

*Filed at Ottawa November 23, 1896—Rehearing denied March 6, 1897.*

1. TRIAL—*improper discussion before jury of matters not elements of damage.* Remarks by plaintiff's counsel to the jury in a suit for damages for personal injury, which seek to lead the jury to infer that their verdict might include damages for future mental anguish which plaintiff might suffer from contemplating the remote possibility of a disease resulting from his injury, are improper.

2. SAME—*party desiring to take advantage of improper remarks of opposing counsel should object specifically.* Counsel desiring to take advantage of improper remarks of an opponent before the jury should object specifically to each remark, and preserve exceptions to the adverse rulings of the court upon such objections.

*Illinois Central Railroad Co. v. Cole,* 62 Ill. App. 480, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.

This was an action on the case by appellee, against appellant, to recover damages alleged to have been sustained by him from personal injuries in a railroad collision on December 31, 1891. Appellee was a locomotive engineer in the service of the Michigan Central Railroad Company, and on the night in question was operating an engine pulling a number of cars loaded with express matter. His run was from Chicago to Michigan City, Indiana, and part of this distance was traversed by using the tracks of the appellant company. Near nine o'clock of the night mentioned, his engine collided with a freight train belonging to the appellant, near Pullman, Illinois. Appellee was running his train on schedule time, but in some manner the freight train belonging to the Illinois Central Railroad Company was pulled out from a sidetrack to the main track, thus, apparently without fault

of the appellee, causing the collision.  Appellee, seeing
the collision inevitable, reversed his engine and jumped,
or made an attempt to leap, from his engine.  After the
collision he was found bruised and senseless, and knew
nothing until he found himself on the operating table of
a hospital.  It was found he had sustained a severe scalp
wound, his left hip and leg were bruised and he com-
plained of injury in the back.  After remaining six days
in the hospital he was in a condition to be removed to
his home in Michigan City.  He did no work for four
months, being most of that time under the care of a phy-
sician, but at the expiration of that time he again took
up his duties as an engineer with the same company,
performing the same, as appears, with the same satisfac-
tion as before his injury.  The case was not tried in the
circuit court until the spring of 1895, and up to that time
it appears from the evidence the injuries of appellee had
not affected his earning capacity, and that his yearly
wages averaged as much or more than before the acci-
dent.  On the trial of the case, however, it was shown
that about three weeks after his injury varicose veins
developed on the left leg, from the knee down, necessi-
tating the wearing of elastic stockings.  By the evidence
of appellee it was also shown that he had since that time
been troubled with an affection of the bladder, and also
constipation, all of which he testified he was free from
before his accident.

On the trial of the case in the Superior Court of Cook
county, and immediately after impaneling the jury, the
appellant, by its counsel, tendered the sum of $1000 to
appellee in full of all damages, which was refused, where-
upon the money was paid into the hands of the clerk of
that court and the trial proceeded.  Appellant thus ad-
mitted its negligence and liability, and the only question
tried was as to the amount of damage sustained by ap-
pellee.  The jury in the trial court returned a verdict
for him of $5000, on which judgment was rendered, and

on appeal to the Appellate Court for the First District this judgment was affirmed. From that judgment of affirmance this appeal is prosecuted to this court.

Sidney F. Andrews, (James Fentress, of counsel,) for appellant.

Cratty Bros., Gray, MacLaren, Jarvis & Cleveland, for appellee.

Mr. Justice Phillips delivered the opinion of the court:

This case, as now presented in this court, is freed from most of the questions which might, if we were not precluded from a discussion of them, render the case quite difficult. One of the principal questions presented in the Appellate Court and most ably argued by counsel for appellant was that the verdict of the jury is excessive. This question has, however, by the Appellate Court been settled adversely to appellant, and we are bound by its finding. *Chicago and Eastern Railroad Co.* v. *Holland*, 122 Ill. 461; *Christian* v. *Irwin*, 125 id. 619; *New York, Chicago and St. Louis Railroad Co.* v. *Luebeck*, 157 id. 595.

The one question urged and argued by appellant in this court as a reason for the reversal of this judgment is, that the jury, under the instructions, when considered in the light of the argument made by appellee's counsel, were misled as to the proper measure of damages, and it is urged that under such misapprehension they included in their verdict the element of prospective mental anguish suffered by appellee by reason of anticipated danger or accident which might result in the future from varicose veins. It is not seriously urged that these instructions are in themselves erroneous, nor that they do not, in all respects, state correct propositions of law, but, rather, that on account of improper remarks in the argument of counsel for appellee the instructions, given immediately following his remarks, were misunderstood by the jury,

who followed the line of argument adopted, rather than the instructions. This question is earnestly presented by counsel for appellant, and we have given it careful consideration.

But two instructions were given by the court on behalf of appellee, and they are as follows:

1. "If you believe, from the evidence, that the plaintiff has sustained injuries on account of the negligence of the defendant, as set forth and claimed in his declaration, then the measure of his recovery is such damages as will compensate him for such injuries. The elements which may enter into such damages are the following: First, such sum as will compensate him for the expenses, if any, which he has paid in his efforts to effect his cure, and for his care and nursing during the period that he was disabled by the injuries, if the evidence shows that he was so disabled; second, the value of his time, as shown by the evidence, during the period that he was so disabled; third, if such injuries have impaired his power to earn money in the future, then such sum as will compensate him for such loss of power; fourth, such reasonable sum as you may award him on account of the pain and anguish, if any be shown, that he has suffered by reason of such injuries. The first and second of these elements are the subjects of direct proof, and are to be determined by you on the evidence. The third and fourth of these elements are from necessity left to your sound discretion, but your conclusion should be based upon all the facts and circumstances in evidence before you.

2. "If you find, from the evidence, that the plaintiff is entitled to recover as alleged in his declaration, then, in estimating the plaintiff's damages, you may take into consideration his health and physical condition prior to the injury and also his health and physical condition since then, if you believe, from the evidence, that his health and physical condition since then is impaired as the result of such injury; and you may also consider

whether or not he has been permanently injured, and to what extent, and also to what extent, if any, he has been injured or marred in his personal appearance, and to what extent, if any, he may have endured physical and mental suffering as a natural and inevitable result of such injury, and also any necessary expenses he may have been put to in and about caring for and curing himself, and the value of any time you may believe, from the evidence, he has lost on account of such injuries, and you may consider what, if any, effect such injuries may have upon him in the future in respect to pain and suffering or respect to his power to earn money by his labor; and you should allow to him as damages such sum as, in the exercise of a sound discretion, you may believe, from all the facts and circumstances in evidence, will be a fair and just compensation to him for the injuries so sustained."

The remarks complained of by appellant were made by counsel for appellee in the closing argument of the case. In commenting upon the theory of his case that appellee had suffered a concussion of the spinal cord it was said: "That is the trouble with this man in those respects where there was a concussion of the spinal cord, —a shock to the marrow of the backbone, so that the nerves were affected that went to those organs—the organs that became affected and are affected still—have been affected steadily since 1891. They are affected now, so the doctor tells you. They are affected yet, and it is progressive—worse than it was and getting worse." And in commenting further upon the theory that the varicose veins on appellee's leg would continue to enlarge and that by any pricking or breaking of one he might bleed to death, counsel illustrated by a visit he had made to a leper hospital in the West Indies, in the following language: "They (the lepers) are generally from the poorer classes, and they did not realize the future that was for them. I thought while brother Andrews was talking, that if I were where Cole is to-day I would pray to be

given to me that insensibility that those poor people have, that were not conscious of their fate. Death,— certain death,—coming, eating and following and following until it struck a vital point, and then a while of pain and then the end." And further in the argument counsel made the following additional remarks complained of: "The man who was a strong man before is a cripple now for life; and the anxiety that he must have about it,— the certainty, the probability if not the certainty, that they will get worse and some day bring him flat down,— is a matter for your consideration. He (Andrews) says a thousand dollars; but then he doesn't take into consideration that idea—the mental anguish."

These remarks of counsel are improper to the extent that they seek to have the jury infer that their verdict might include damages for future mental anguish which might be suffered by the plaintiff from a contemplation of what might occur. This is not the law nor is it a proper element of damage. (*Peoria Bridge Ass.* v. *Loomis*, 20 Ill. 236.) However, it does not appear from the record in this case that any specific objection was made by appellant to the particular remarks above quoted and on which error is assigned, nor any exception noted thereto at the time. Exception was taken to some other remarks of the same counsel, but those remarks were not material. While it is none the less the duty of the trial court to control counsel in argument before the jury without objection from opposing counsel, it is also the duty of counsel desiring to take advantage of such improper remarks to make specific objection, so that the trial court may have an opportunity to remove the evil effect, if any, from the minds of the jurors by proper instruction. If no such specific objection be made and exception preserved at the time it will not be considered in this court. *Elgin, Joliet and Eastern Railroad Co.* v. *Fletcher*, 128 Ill. 619.

No discussion of the two instructions given for the appellee is necessary. They in substance state correct

principles of law. We have no right to surmise that the jury disregarded these plain instructions of the court and based their verdict on the improper remarks of counsel in argument.

We find no reversible error in the record, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*