## Chicago & Grand Trunk Ry. Co. v. Frank Spurney.

1. WITNESS—*Party in His Own Behalf—Credibility.*—The law of this State permits the plaintiff to be a witness in his own behalf, but it allows the jury to take the fact of his interest in the event of the suit into consideration for the purpose of affecting his credibility as a witness, and the defendant is entitled to have the jury so instructed.

2. DAMAGES—*Elements of Humiliation and Grief.*—Mere humiliation and grief resulting from the contemplation of a maimed and disfigured body are not elements entering into an ascertainment of the pecuniary damage sustained as the result of negligence.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed March 15, 1897.

Plaintiff's eighth instruction:

"8. It is not necessary for the plaintiff, nor will the law permit him, to put witnesses upon the stand for the purpose of testifying as to the amount of damages which the jury should award the plaintiff if, under the instructions of the court, they find a verdict in his favor. This is a question solely for the jury to determine from the nature and character of the injuries received, if any, and the extent of

such injuries, and whether they are of a permanent char-
acter, and this the jury must determine according to their
best judgment from the evidence in the case, and give him
such damages as will reasonably compensate him for the
injury the evidence shows he has sustained."

RUNNELLS & BURRY, attorneys for appellant.

CASE & HOGAN, attorneys for appellee; WM. P. BLACK, of
counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE
COURT.

This was an action to recover for personal injuries said
to have been caused by the negligence of appellant.

Appellee was employed by appellant to work about its
grain elevator; his business seems to have been to shovel
grain out of cars into a "tank," from whence an elevator
took the grain up.

Upon the day of the accident, appellee upon his arrival at
the elevator, saw that the elevating machinery was not in
operation, and that a portion of a rope which passed over a
shaft was, while not detached from the shaft, so unwound
as to lie on the floor. Appellee endeavored, as he says, to
get the rope in shape, and in so doing stepped into the rope,
and the machinery starting without the customary signal,
the rope was wound up and catching him around the leg,
he was so injured that the amputation of his leg became
necessary.

The first amputation below the knee was afterward
followed by a second amputation between the thigh and
knee.

The jury returned a verdict for the plaintiff for $25,000.
Upon a remittitur of $10,000, judgment for $15,000 was
entered.

The defendant asked the court to give to the jury the
following as an instruction :

" The law of this State permits the plaintiff to be a wit-

ness in his own behalf, but it allows the jury to take the fact of his interest in the event of the suit into consideration, for the purpose of affecting his credibility as a witness."

This the court refused to do; it did, however, at the instance of the plaintiff, instruct the jury as follows:

" In determining upon which side the preponderance of the evidence is, the jury should take into consideration the opportunity of the several witnesses for seeing or ascertaining from their own personal knowledge the things about which they testify; their conduct and demeanor while testifying; their interest or lack of interest, if any, in the result of the case; the relation or connection, if any, between the witnesses and the parties; the apparent consistency, fairness and congruity of the evidence; the probability or improbability of the truth of their several statements, in view of all the other evidence, facts and circumstances proved on the trial; and from all these circumstances determine upon which side is the weight or preponderance of the evidence."

This, it is urged, was the equivalent of the instruction upon this subject asked by the defendant.

We do not agree with counsel for appellee as to this matter.

The instruction given by the court was merely that in determining upon which side the preponderance of the evidence lay, the jury might take into consideration, among other things, the " interest or lack of interest, if any, in the result of the case " of the several witnesses, and the relation or connection, if any, between the witness and the parties. The statute admitting interested parties to testify, in terms declares that the interest of a witness may be shown for the purpose of " affecting the credibility of such witness," and the defendant was entitled to have the jury so instructed. West Chicago Street R. R. Co. v. Estep, 162 Ill. 130.

The phraseology of the eighth instruction given for the plaintiff, while not approved, is, in view of other instructions given, not so prejudicial that because of it the judgment of the court below should be reversed.

The court gave the following instruction :

" If the jury find from the evidence that the plaintiff has made out his case as laid in his declaration, by a preponderance of the evidence, then the jury must find for the plaintiff."

The plaintiff evidently intended, in the first count of his declaration, to charge that his injury was the result of negligence of the defendant in failing to provide proper appliances in connection with the elevating machinery. There was evidence showing that there was no whistle or warning apparatus giving notice when the machinery was about to start, but there was no evidence that the injury resulted from such cause.

We are, however, inclined to think that, after verdict, the first count, omitting certain portions as surplusage, might be treated as a charge that the injury was occasioned by negligently setting the machinery in motion when appellee was working thereon. We are, consequently, not prepared to hold that it was error to give this instruction.

Such instruction being in this State proper, the jury may perhaps be presumed to be capable of sifting surplus averments from a count, and ascertaining if the remaining allegations have been proven. A motion to instruct the jury that under the evidence there could be no recovery under the first count, was not made.

At the instance of the plaintiff the jury were instructed that in determining the amount of damages they might take into consideration " any future bodily and mental pain or suffering, or future inability to labor or transact business, if any, that the jury believe from the evidence the plaintiff will sustain by reason of injuries received."

Future mental pain, that is, mere humiliation and grief resulting from a contemplation of a maimed and disfigured body, is not an element entering into an ascertainment of the pecuniary damage one has sustained as the result of negligence. I. C. R. R. Co. v. Cole, 165 Ill. 334; Peoria Bridge Ass'n v. Loomis, 20 Ill. 235; C., B. & Q. R. R. Co. v. Hines, 45 Ill. App. 299.

As the case must be tried again, with a new presentation of the evidence, we refrain from further comment upon the evidence.

The judgment of the Superior Court is reversed and the cause remanded.