## North Chicago St. R. R. Co. v. Rosalie J. Anderson.

1. MEASURE OF DAMAGES—*In Actions for Personal Injuries.*—The compensation for injuries to a previously healthy and active woman and mother, leading a life of usefulness to herself and others, is beyond the domain of exact measurement, and the law has wisely left its ascertainment to a jury.

2. VERDICTS—*When Not to be Set Aside.*—Unless a reviewing court can see from the record that a verdict in an action for personal injuries is the result of improper influences, it will not be set aside for excessiveness, especially where the discretion of the trial judge has been exercised by requiring a remittitur to satisfy his sense of what is adequate compensation.

3. ATTORNEYS—*Their Duty to Talk to Witnesses.*—It is not only the right but the duty of an attorney of a party to a cause to talk to his witnesses and to learn from them their knowledge of the facts and circumstances of the case, and what their testimony will be concerning the same before calling them to the stand to testify and no improper inferences are to be drawn from the performance of such duty. To instruct a jury that such fact may be considered by them, together with all the other facts in evidence, in determining the weight of the testimony of such witnesses, may in a proper case be ground for reversal.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed June 14, 1897.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

RICHARD PRENDERGAST and CARLETON N. GARY, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This appeal is from a judgment for $10,000, entered after a remittitur of $7,500, from the verdict of a jury, in an action brought by the appellee to recover for injuries sustained by her through the alleged negligence of the appellant in suddenly starting one of its cable trains while the appellee was in the act of getting upon a car of said train, which had stopped to take on passengers and was at a stand when she started to get aboard.

The defense was, mainly, that the train had started before appellee began to get aboard, and that in attempting to get on while the train was in motion, appellee was guilty of such contributory negligence as precluded her from a recovery. If such defense was not made out, the appellant does

not dispute appellee's right to recover something, but does vigorously insist that she should not have so much.

We have carefully considered all the evidence concerning the principal fact, and, in the observance of well-established rules as to the province of a jury upon the facts of a case, we are not at liberty to override the finding by the jury that the train was standing still, for the purpose of taking on passengers, when appellee started to get on the car, and until she had partly got aboard, and that the train was negligently started up before she had wholly mounted the car step, thereby causing her to be dragged and finally thrown to the ground.

There is no question made but that the injuries sustained by the appellee were both serious and permanent. Of the injuries the appellant's brief states: "The injury in this case received by the plaintiff was a fracture of the upper portion of the femur. From the testimony, considering her age (51 years), this will probably never perfectly heal. The injury is, and about it there is no question, what is known in anatomical parlance as an *intra capsular* fracture of the femur, and, as we have stated, the testimony shows that the bone will probably never perfectly unite. Concerning the injury there is no conflict."

Uncontradicted evidence shows that the appellee suffered great pain for a long time and is still subject to it; that it was three years before she left the house; that since the cast was taken off her leg she has not been able to sleep in a bed, but has to sleep on a lounge, and that she can not turn over without holding her limb by her hands, and can not move about on her feet except by the aid of crutches or other support.

What is compensation for such injuries to a previously healthy and active woman and mother, leading a life of usefulness to herself and others, is beyond the domain of exact measurement, and the law has wisely left its ascertainment to a jury.

Unless a reviewing court can see from the record, evidences which, although not entirely lacking in this case,

North Chicago St. R. R. Co. v. Anderson.

may hardly be considered as controlling, that a verdict in a case of this character is the result of improper influences, the verdict will not be set aside for excessiveness, especially where the discretion of the trial judge has been exercised by requiring a remittitur to satisfy his sense of what is adequate as compensation.

Of assigned errors concerning the instructions, we see no occasion to mention more than the modification by the court of the twenty-second instruction asked by the appellant.

As requested, that instruction was as follows:

" 22.   The mere fact that a witness has talked to an attorney of a party to this suit and has told such attorney what the said witness would testify on this trial, does not of itself in any wise tend to impeach or discredit the testimony of such witness."

But the court modified the instruction by adding to it, as follows:   " But such fact may be considered by the jury, together with all the other facts in evidence in determining the weight of such testimony."

The instruction as asked was correct, and it should not have been modified as it was.

It is not only the right, but the duty of the attorney of a party to a cause to talk to his witnesses and to learn from them their knowledge of the facts and circumstances of the case, and what their testimony will be concerning the same before calling them to the stand to testify, and no improper inferences are to be drawn from the performance of such duty.   To tell the jury that such a circumstance of itself goes to the credibility of witnesses or to the weight of their testimony, is to tell them what is not the law, and never was the law; and to so instruct a jury as to the law, might, in a proper case, be ground for the reversal of a judgment. See C. & G. T. Ry. Co. v. Spurney, 69 Ill. App. 549.

But it does not necessarily follow that this judgment should be reversed on that account.   It is for prejudicial error alone that judgments will be reversed, and here, upon a review of the whole record, it does not seem to be at all

probable that the verdict was in anywise affected by the modification of the instruction.

Discerning no substantial error in the record sufficient to justify a reversal of the judgment, the order is that it be affirmed.