GEORGE C. MORRISS *et al.*

*v.*

GEORGE BLACKMAN *et al.*

*Opinion filed April 17, 1899.*

1. CONVEYANCES—*instrument construed as a mortgage and not an assignment.* A deed by an insolvent debtor to a second party in trust for the benefit of third parties, named creditors of the first party, which empowers the second party to apply the rents on the indebtedness or to sell the property if necessary, but which provides that the conveyance shall be void if the first-party shall pay the indebtedness on demand, is a trust deed or mortgage securing certain creditors, and not a deed of assignment for creditors generally.

2. INSOLVENCY—*insolvent may in good faith prefer bona fide creditors.* An insolvent debtor may in good faith secure certain *bona fide* creditors by trust deed or mortgage to the exclusion of all others, and may of right employ such terms in the instrument as will most clearly indicate his intention to make such preference.

3. SAME—*our statute does not contemplate constructive or involuntary assignments.* Constructive assignments are unknown to our law, nor is an involuntary assignment contemplated by our statute.

*Blackman* v. *Metropolitan Dairy Co.* 77 Ill. App. 609, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. M. W. SCHAEFER, Judge, presiding.

HADLEY & BURTON, for appellants.

JOHN G. IRWIN, and J. P. STREUBER, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On May 7, 1897, a deed of conveyance was executed between the Metropolitan Dairy Company, party of the first part, George Blackman, party of the second part, (both of St. Louis, Mo.,) and the Third National Bank of St. Louis and the Helvetia Milk Condensing Company of Highland, Illinois, parties of the third part. The conveyance is by the party of the first part to the party of the second part, in consideration of one dollar, of all its prop-

erty in the State of Missouri and certain real estate in Madison county, this State, including fixtures and personal property thereon, "to have and to hold the same unto the party of the second part * * * in trust for the following purposes." Then follows a statement of certain indebtedness due the parties of the third part by the party of the first part, and the condition that if the party of the first part shall pay off said indebtedness then due, on demand, and that to become due upon maturity, the conveyance shall become void, otherwise to remain in full force and effect. By a further provision the party of the second part is given possession of the property, and is to sell it at public or private sale, and in the meantime rent it; to collect outstanding accounts, and from the proceeds of the rents, sales and collections first pay the expenses of the trust, including his own compensation; second, all preferred claims under the statute of Missouri; third, the indebtedness to the Third National Bank; fourth, the note due the Helvetia company and then the open account owing it, any remaining surplus to be paid over to the party of the first part.

The Third National Bank is a citizen of Missouri and the Helvetia company is a citizen of Illinois. At the time of making the conveyance the Metropolitan Dairy Company was insolvent, being pressed by its creditors for payment. The trustee accepted the trust, and executed it to the extent of selling all the Missouri property and paying all the debts mentioned in the deed except that of the Helvetia company. The deed was executed in duplicate, one copy being filed for record in Madison county May 8, 1897. Shortly thereafter the appellants, Morriss, Sonnemann and the Cutler Creamery and Cheese Company, all residents of this State, creditors of the Metropolitan Dairy Company, began suits by attachment against it in the circuit court of Madison county, and caused writs to be issued and levied upon the property described in the deed to Blackman, situated in that county.

On August 26, 1897, appellees, Blackman and the Helvetia Milk Condensing Company, filed their bill in equity in the same court against appellants and the Metropolitan Dairy Company, alleging the foregoing deed of conveyance to be a mortgage with power of sale, and praying for a strict foreclosure of the same against the Madison county property. The attaching creditors answered, setting up their attachments, and charging the trustee, Blackman, with fraud and mismanagement in his dealings with the trust property; also, that the Metropolitan Dairy Company, and its creditors secured by the deed, were guilty of fraud in its execution, and averring that the transaction on their part amounted, in law, to a voluntary assignment for the benefit of creditors, with preferences, and therefore it cannot be enforced against the property in this State held under attachments by Illinois creditors.

The circuit court held the instrument an assignment, and appointed a receiver to take charge of and sell the property and distribute the proceeds among all the Illinois creditors *pro rata*. From that decree complainants below appealed to the Appellate Court, and the defendants—attaching creditors—assigned for cross-error the decree disallowing their claim to a first lien upon the attached property. The Appellate Court reversed the decree of the circuit court holding the deed to be a mortgage and not a voluntary assignment for the benefit of creditors; that the complainants should have had a decree not of strict but of general foreclosure, giving them priority over the attaching creditors. The cause being remanded with special directions to the court below to proceed according to the views of the Appellate Court as expressed in its opinion, the defendants prosecute this appeal.

There was no proof whatever of misconduct on the part of Blackman as trustee, or of fraud in fact in the execution of the deed. We think the case must turn upon

the question whether the deed set up in the bill is a voluntary assignment for the benefit of creditors. If it is not, all other questions raised and discussed by counsel are unimportant. That it is not such an instrument on its face is manifest. It is a conveyance generally known as a trust deed or mortgage with power of sale, and could, prior to the act of 1879 requiring all such instruments to be foreclosed in courts of competent jurisdiction, have been carried into effect by the trustee selling the property in pursuance of the terms of the deed. That the parties to the transaction did not intend it as an assignment admits of no doubt. That they did intend it as a security for the debts therein specified is equally clear. It expressly reserves to the grantor the right to pay off the secured indebtedness and thereby defeat the conveyance, which feature, if nothing else, distinguishes it from a voluntary assignment for the benefit of creditors. *Browne-Chapin Lumber Co.* v. *Union Nat. Bank*, 159 Ill. 458.

In *Farwell* v. *Cohen*, 138 Ill. 216, relied upon by counsel for appellants as sustaining their construction of this deed, speaking of the conveyances then before the court, it was pointed out that there was "no condition of defeasance providing for the return of the property upon the payment of the debts mentioned." In fact, we do not understand counsel to insist that the defeasance in this deed does not make it a mortgage or security with power of sale. The argument seems to be, that such condition was put in the deed under the advice of shrewd attorneys to avoid the construction contended for, and therefore cannot be fairly considered in determining the character of the instrument. This would seem to amount to saying that even though a conveyance is not on its face an assignment, yet if it was designedly made so, courts may construe it to be an assignment. Certainly no case has gone to that extent.

The Metropolitan Dairy Company, though insolvent, had the legal right to secure the creditors named in its

deed, to the exclusion of all others.  Whatever may be said of the justice or equity of this rule, its existence here is too firmly established to be questioned.  It must follow that it had also the right to employ and use such skill as would enable it to so express its purpose that what it intended as such preference and security should not be mistaken for a general assignment for the benefit of all its creditors.  Constructive assignments are unknown to our law, neither is such a thing as an involuntary assignment contemplated by our statute.

We think the Appellate Court properly held the instrument in question to be a mortgage.  No question is made in this court as to the correctness of its decision in denying appellees' right to a strict foreclosure.  Its judgment will be affirmed.          *Judgment affirmed.*