## North Chicago St. R. R. Co. v. Henry Duebner.

1. MENTAL PAIN—*When Not a Proper Element to be Considered in Assessing Damages.*—Mental pain not directly or necessarily connected with the physical pain is not a proper element to be considered by the jury in assessing damages.

Action in Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded; Mr. Justice SHEPARD not concurring. Opinion filed December 5, 1899.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

CUNNINGHAM, VOGEL & CUNNINGHAM, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This suit was brought to recover damages for personal injuries.

March 21, 1895, appellee was a passenger upon one of the street cars of appellant. At a little after midnight of that day his right hand was so injured that three of the fingers were amputated. The hand was thus injured by being run over by a wheel (or wheels) of the car in which appellee was a passenger.

There were two cars in the train. The front car was a motor car, and is referred to as the "Evanston car." The other car is referred to as the "Halsted street trailer." The

accident occurred on Halsted street, at or near Buckingham Place, in the city of Chicago.

On behalf of appellant it is urged that the verdict and judgment are contrary to the evidence.

If appellee stepped or fell off the *front* platform of the car so that his hand was upon the track in front of the wheels, and if he thus, by his own negligence or want of care for his personal safety, contributed directly to the injury, this contention on the part of appellant must be sustained.

Appellee testified that he fell from the *rear* platform. His testimony in this respect is supported by two witnesses called by him. On the contrary, four witnesses on behalf of appellant testify that he fell from the *front* platform. It was for the jury to consider and determine as to the conflicting statements of witnesses.

There is, however, a controlling fact outside of the statement of witnesses. Appellee swears that the wheels ran over his hand. This was a physical impossibility if he fell or stepped from the *rear* platform. There was no other car following the one which appellee was on. He says that he held with his left hand onto the rail that is on the side at the back end of the car. In stepping or falling from the rear platform and holding onto the rail, as he describes it, with his left hand, he could not possibly have reached forward far enough to put his right hand upon the track in front of the wheels of the car.

The conductor on the motor car swears that he was on the rear platform of his car; that appellee was on the *front* platform of the *trailer;* that he, the conductor, said to appellee twice, when appellee was about to step off: "One moment, please; wait until the car stops." It is nowhere denied in the record but that the conductor requested appellee to wait, just as he says he did, and that appellee did not wait as requested.

It is also contended by appellant that the court erred in the admission of testimony. That portion of appellee's examination in chief, as to which this contention is made, is as follows:

" Mr. Duebner, how much physical pain did you suffer on account of this injury ? A. Well, I suffered, from the beginning to the end, over four months.

Q. How much—severe or how ? A. Well, there was a good many nights I didn't sleep.

Q. Was there any time during the four months that you were entirely free from pain ? A. No.

Q. Did you suffer in your mind on account of this injury? A. Well, I lost some of my mind since that suffering. (A motion to strike this answer out was overruled.)

Q. Go on. A. Well, I lose my mind for a long time; for a whole year I don't feel well.

Q. How do you mean ? A. I suffer in my head.

Q. For one year after what ? A. From my sickness.

Q. What sickness ? A. When I got hurt in my hand, and I worry myself, I can not work any more. That was what makes me out of my mind.

Q. What further mental pain did you suffer on account of this injury besides what you have already mentioned ? A. Well, I worry myself and I lost my mind sometimes."

(Objections and exceptions were duly made and preserved by appellant.)

That testimony was given more than two and one-half years after the injury complained of was inflicted. The rule as to recovery of damages for mental pain or anguish is thus very clearly stated by Mr. Presiding Justice Adams in C. C. Ry. Co. v. Canevin, 72 Ill. App. 81, 90 :

" Now, mental pain may be the direct result or concomitant of physical pain. As the court say in City of Chicago v. McLean, 133 Ill. 148, ' the body and mind are so intimately connected that the mind is very often directly and necessarily affected by physical injury. There can not be severe pain without a certain amount of mental suffering.' Such mental pain as is there described is a proper element of damage, but mental pain not directly or necessarily connected with the physical pain is not a proper element to be considered by the jury in assessing damages."

The opinion in that case is supported by the authorities there cited and carefully reviewed. I. C. R. R. Co. v. Cole, 165 Ill. 334, 339; Peoria Bridge Ass'n v. Loomis, 20 Ill. 235; C. & G. T. Ry. Co. v. Spurny, 69 Ill. App. 549; Bovee v. Danville, 53 Vt. 183; C. R. I. & P. Ry. Co. v. Caulfield, 63 Fed. Rep. 396.

North Chicago St. R. R. Co. v. Duebner.

The testimony of appellee above quoted shows conclusively that he was permitted, against objection, to testify as to mental anguish as distinguished from physical pain; also as to mental anguish, or as he puts it " worry," long after the physical pain resulting from the injury had ceased. He says :

" I worry myself;   *   *   *   that was what makes me out of my mind." Also that the physical pain continued four months—that he did not feel well for a year after he was hurt.   After all that testimony he is asked, "What further mental pain did you suffer on account of this injury besides what you have already mentioned ? "

Clearly that refers to " mental pain not directly or necessarily connected with physical pain," and is not " a proper element to be considered by the jury in assessing damages." It was therefore erroneous to overrule the objections of appellant.

There is no testimony tending to show any willful or malicious act on the part of appellant for which punitive or exemplary damages could be awarded. The only liability claimed to exist is for negligence. In such a case mental pain or anguish not directly or necessarily connected with physical pain or suffering can not be admitted as an element to be regarded in assessing damages.

Neither does it seem to us, after careful examination of this record, that the employes of appellant were guilty of negligence. But as this case must be remanded for another trial we refrain from discussing the testimony as to that question.

The judgment of the Superior Court is reversed and the cause remanded.

Mr. Justice Shepard.   I do not concur.