## Chicago & Joliet Electric Railway Company v. Joseph Barrows.

### Gen. No. 4,674.

1. NEGLIGENCE PER SE—*failure to look and listen not.* A failure to look and listen when approaching a railroad crossing is not negligence as a matter of law.

2. TRACTION COMPANY—*duty of, to avoid injuring person lawfully using streets.* A traction company is charged with knowledge that the public may lawfully use the entire street upon which its tracks are located and it must, in operating its cars upon such streets, use all reasonable means to avoid injuring those whom it knows may so lawfully use that part of the streets occupied by its tracks.

3. COLLISION—*duty of motorman to endeavor to avoid.* It is the duty of a motorman to exercise ordinary care to ascertain if the track ahead is clear, and he is bound to notice what vehicles ahead of his car and near the track are doing, and if he sees one going upon the track or so near it as to be in danger of being struck by the car, to warn the driver of such vehicle and, so far as he is able for the purpose of preventing a collision, to arrest the progress of the car.

4. VERDICT—*when not disturbed as against evidence.* When there is a conflict in the testimony, and the evidence of the successful party, when considered by itself, is sufficient to sustain the verdict, an appellate tribunal will not set aside the same, unless it is manifestly against the weight of the evidence.

5. VERDICT—*when not excessive.* A verdict of $3,000 is not excessive where it appears that the plaintiff, of the age of seventy-nine years, lost by reason of the accident both of his feet, was confined to the hospital for four months, and where, in addition to the pain suffered, other consequences of a permanent nature resulted.

6. ARGUMENT OF COUNSEL—*when will not reverse.* Remarks made by counsel in argument are not ground for reversal, unless they are of such a character as to arouse and inflame the passions of the jury or be clearly injurious to the rights of the party complainant.

Action on the case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed July 17, 1906.

E. MEERS, for appellant.

E. G. PURKHISER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is a suit brought by appellee Barrows, against appellant, to recover damages resulting from a collision in which an electric car of appellant on October 27, 1903, ran against a horse and wagon driven by appellee, a man of the age of seventy-nine years, on Jefferson street, in the city of Joliet, throwing him out of the wagon and cutting off both his feet. There are two counts in the declaration relied upon: the first alleges that appellant carelessly, negligently and wrongfully propelled its car, etc.; the second alleges that appellant negligently, without ringing a bell or gong or giving any other warning, ran against the wagon, etc. At the first trial the jury found for the defendant, and a new trial being granted, at the second trial the jury found a verdict of $4,000 in favor of appellee; a *remittitur* being entered of $1,000, judgment was entered for $3,000.

Appellant argues strenuously that the verdict is not supported by the evidence and that it is excessive. The proof shows that Jefferson street runs east and west and is intersected by Eastern avenue running nearly north and south. Appellant's street car track coming from the west on Jefferson street is a single track up to a point about 150 feet west of Eastern avenue where a switch begins leading into a double track 100 feet west of Eastern avenue, the two tracks continuing to Eastern avenue and then curving around and running south on Eastern avenue. The method

of operation as described by appellant in its brief is: "Cars going west, as they come from the south on Eastern avenue, run around the curve and stop on the Jefferson street end of the switch, to meet car going east, while cars going east on Jefferson street run around and stop on the Eastern avenue end of the switch to meet the car going west." Appellee kept his horse in a barn which was reached either through an alley leading south from Jefferson street about 160 feet west of the point on the Jefferson street end of the switch, or from Michigan street. Appellee at the time of the injury was seventy-nine years of age, with good hearing and eyesight, quite active for a man of his age, and lived with Mrs. Johnson on Jefferson street about 100 feet west from the said alley. Upon the day of the injury early in the afternoon, appellee testifies he drove west on the north side of Jefferson street, crossed Eastern avenue and passed a car standing at the west end of the switch; when he got near the place where he turns into the alley towards the barn he looked back to see if the car was coming and saw it still standing on the switch, then looked west to see if the car was coming from that direction, as he "expected one every minute," then he turned the horse to go across about 125 feet west from the end of the switch when he was struck and knocked unconscious; that no bell was rung, gong sounded or any warning given. A witness, Reid, who was sitting in a buggy about twelve feet from the alley, testifies he saw Barrows turn across the street car track about 100 to 115 feet west of the car, just as it was at the point of the switch, the car "did not ring bell or blow whistle;" the car pushed the horse and wagon sixty feet. A witness, Corcoran, foreman of the Alton yards in Joliet, testifies that appellee turned across the track when the car was 150 feet away. This witness was about 500 feet distant. Mr. Nichols, Mrs. Voigt and Mrs. Henry, passengers on the car, testified no bell or

gong was sounded from leaving the switch while going west on Jefferson street until the wagon was struck. Upon the other hand three witnesses, Gleason, the motorman, Found, a depot policeman in Chicago, and Mrs. Williams, who was in the third story of a residence across from the alley, each testifies that the car was within ten or twelve feet of the wagon when it turned to go across the street. Mr. Hunt, riding on a bicycle, saw the horse turn and the car strike the wagon, but does not say when the horse began to turn in, but heard no gong, and that Barrows was at the street car track when he first saw him. The conductor testified the gong was sounded; other witnesses did not see anything until the accident happened.

The proof further discloses that the car was running down grade; the grade from Eastern avenue to the switch being seventeen and one-half inches fall in 100 feet, and from the switch to the alley seven inches fall to the 100 feet. The testimony is contradictory as to whether the car from the west passed the westbound car on the switch.

The theory of appellant is that the injury was occasioned by the want of ordinary care of appellee in crossing the street car track. The evidence favorable to appellant's contention is that of the witnesses who testify appellee was going along parallel with the track, and turned across when the car was within ten or twelve feet of him; while the evidence of an equal number of witnesses is that he turned across the track with the car 110 to 150 feet distant, with the testimony of appellee that he looked back just before starting across and the car was then standing still. Whether a bell or gong was sounded, a much greater number of witnesses testified that no warning of any kind was given.

The courts of Illinois have denied the contention that the failure to look and listen when approaching a railroad crossing is as a matter of law negligence, and

have in recent years uniformly held that whether such failure was negligence or not was a question of fact, to be determined from all the facts and circumstances in the case. Chicago City Ry. Co. v. O'Donnell, 208 Ill. 267. The grant of the right to a street car company to use the street for rapid transportation of passengers, while it confers the right of passage along its track superior to vehicles, such companies do not have an exclusive right to the use of that part of the streets occupied by their tracks. The citizen must use ordinary care for his own safety and not obstruct the passage of the cars, and must leave the track whenever his presence there would impede the cars. At the same time the street car company is charged with the knowledge that the public may lawfully use the entire street and it must, in operating its cars on the streets, use all reasonable means to avoid injuring those whom it knows may rightfully use that part of the streets occupied by their tracks. North Chicago Elec. Ry. Co. v. Peuser, 190 Ill. 67; North Chicago Street Railway Co. v. Smadraff, 189 Ill. 155. It is the duty of the motorman to exercise ordinary care to ascertain if the track ahead is clear, and he is bound to notice what vehicles ahead of his car and near the track are doing, and if he sees one going upon the track or so near it as to be in danger of being struck by the car, to warn the driver of such vehicle and, so far as he is able for the purpose of preventing a collision, to arrest the progress of the car. South Chicago City Railway Co. v. Kinnare, Admr., 96 Ill. App. 215. It is a question of fact for the jury whether or not the bell or gong should have been sounded and whether or not it was negligence for a traveler to attempt to cross the track at a regular place. Chicago U. Tr. Co. v. Jacobson, 217 Ill. 404; C. & P. St. Ry. Co. v. Meixner, 160 Ill. 320; Canfield v. North Chicago Street Ry. Co. 98 Ill. App. 5.

When there is a conflict in the testimony and the evi-

dence of the successful party when considered by itself
is sufficient to sustain the verdict, an appellate tribunal
will not disturb the finding, unless it is manifestly
against the weight of the evidence.    Shevalier v.
Seager, 121 Ill. 564; St. Louis, Jacksonville & C. Ry.
Co. v. Terhune, 50 Ill. 151; Netcher v. Bernstein, 110
Ill. App. 485; Demmer v. Ins. Co., 110 Ill. App. 580.

Viewing the record in the light of the foregoing
principles, there being ample evidence to sustain the
verdict, the burden is upon appellant to show that the
judgment is manifestly against the weight of the evi-
dence.    We think the judgment of the trial judge who
heard the evidence and approved the verdict of the
jury, with the exception of causing a *remittitur,*
should be sustained. `

It may here be noted that appellant made no motion
in the trial court to take the case from the jury.

Upon the question of the amount of judgment,
when the nature of the injury, the loss of both feet,
the fact that appellee was in the hospital four
months, that the bones of the leg project through
the skin and the pain and suffering necessarily
caused by the nature of the injury that has and will
be endured the remainder of his life, even though it
be short, are considered, in view of his age the sum
of $3,000 would seem not to be excessive.

It is urged that the third and fourth instructions
given on behalf of appellee are misleading.    These
instructions are copied verbatim from I. C. R. R. Co.
v. Cole, 165 Ill. 334, where they were approved in a
personal injury suit.

In the argument of the case before the jury, counsel
for appellee said:  "These employees do not come
in here and tell you the truth; they dare not tell the
truth to the street car company; their very jobs de-
pend on denying that they are negligent."    Objections
being made, the court said:  "Yes, you are right;
I hope attorneys will keep within bounds."    At an-

C. & J. Electric Ry. Co. v. Barrows.

other time counsel for appellee said: "Mr. Meers comes in here with a defense that they always have when a rig is struck by a street car, and that is that the driver pulled in front of the car." This being objected to, the court said the objector was right. At another time when objection was made the court stated: "The jury will ignore all arguments not based on the evidence. I hope attorneys on both sides will keep within the evidence." Counsel would have conveyed the same idea had he asked the jury what they thought would happen to the employees if they admitted they were negligent, or, do you believe a man is coming here to testify he was negligent, or what other defense could they have? Counsel should be free to argue a cause, make illustrations and draw any legitimate deduction or inference from the testimony. Counsel may argue the various motives which affect the credibility of witnesses and direct the attention of the jury to anything that reasonable men might think would lead a witness either to color his testimony or withhold the entire truth. He should not, however, advance his private opinions, as that would be encroaching on the province of the jury. A verdict should not be set aside because of remarks in argument, unless the remarks are of such a nature as to inflame and arouse the passions of the jury, or be clearly injurious to the rights of the party assailed. The effect of a single phrase or sentence upon the listener cannot be told by disconnecting it from the context of the argument. It would have been well to have omitted the remarks to which objection was made, but viewing this in connection with the rulings of the trial judge we do not think they were of such a character as to mislead or prejudice the case of appellant.

There being no reversible error, the judgment is affirmed.

*Affirmed.*