### First National Bank of Leroy, Plaintiff in Error, v. Harry J. Stewart et al., Defendants in Error.

1. FRAUDULENT CONVEYANCES, § 109*—*when debtor may give preference.* A debtor who is insolvent or in failing circumstances may prefer any creditor, although the preferred creditor may be a relative.

2. FRAUDULENT CONVEYANCES, § 268*—*when evidence fails to show fraudulent conveyance.* Evidence *held* to show that transfers of the property by a debtor were made in good faith and for full value in the payment of just debts, and such transactions were not colorable for the purpose of hindering and delaying creditors.

Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914. Rehearing denied November 6, 1914.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

LESLIE J. OWEN and STONE, OGLEVEE & FRANKLIN, for plaintiff in error.

LIVINGSTON & BACH, for defendants in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The First National Bank of Leroy on February 14, 1913, filed a creditor's bill against Harry J. Stewart, William Raber and Ed. Raber, alleging that on February 13, 1913, the complainant recovered a judgment for $1,522.24 and for costs against Harry J. Stewart and Anna Stewart; that an execution had been issued on said judgment and returned no property found; that the principal defendant, Harry J. Stewart, has money on hand, promissory notes or other securities due him, and personal property which he keeps concealed, and which complainant has been unable to reach by execution; that the principal defendant has since November 1, 1912, conveyed personal property to William Raber and Ed. Raber without any good and sufficient consideration and with the intent to hinder and delay complainant in the collection of its debt.

The defendants answered the bill denying its allegations wherein fraud is alleged. The cause was referred to the master in chancery to report the evidence with his conclusions. A report was made that there was no fraudulent intent in the transactions between the defendants and the evidence showed nothing more than a preference for the payment of debts due to the Rabers. On a hearing on exceptions before the court a decree was entered dismissing the bill for want of equity. The complainant has sued out a writ of error to review that decree.

The evidence shows that Harry Stewart and William Raber are farmers, Stewart being a tenant farmer, and that Raber had furnished Stewart with funds with which to start farming; that in December, 1912, Stew-

art, in order to reduce his indebtedness to plaintiff in error, held a public sale and that substantially all the proceeds thereof, amounting to about $2,000, were paid to plaintiff in error. Shortly after the sale a note made by Stewart for $700 to the Keenan bank, and the rent for the farm he occupied, became due. He was also indebted to Raber on four notes, amounting to $946, against which he was entitled to a credit from Raber for $106 for some stock bought by Raber at the public sale. Stewart, while so indebted to Raber, asked him for the loan of $1,000 with which to pay his rent and the Keenan note. Raber declined to loan him any more money. Stewart insisted that he must have the money, and on January 2, 1913, agreed to sell Raber enough property to get the $1,000 he needed at the time. They went over the balance of the property he then had, item by item, and Stewart sold to Raber property to the value of $1,000 and Raber delivered to Stewart two checks, one for $725 and one for $275, with which to pay the note at the Keenan bank and his cash rent, and a part of the property sold to Raber was turned over to him. Shortly thereafter Stewart again went to Raber for more money; they talked over Stewart's financial condition and went to Bloomington where Stewart made a bill of sale of his property to Raber in payment of the notes due to Raber from Stewart, and Raber gave Stewart a check for $275, the value of the property over the amount of the notes. The value of all the property turned over by Stewart to Raber, including that sold to him when the checks dated January 2, 1913, were given to Stewart, was $2,036. The summary of the transactions showed that Raber received property valued at $2,036, and that the money paid to Stewart with the notes held by Raber against Stewart and cancelled at the making of the bill of sale amounted to over $2,100. Raber paid full value for everything he received. There is no evidence of any fraud in the transaction, and it occurred

before the Bulk Sales Act took effect. Stewart was endeavoring to pay Raber, who had befriended him, and received full value for the property sold to Raber. The evidence does not sustain the allegations of the bill that the transfers were either without adequate consideration, colorable or made for the purpose of hindering and delaying creditors, but does sustain the contention of defendants in error that they were made in good faith and for full value in the payment of just debts. Such transfers are not invalid. A debtor who is insolvent or in failing circumstances may prefer any creditor, although the preferred creditor may be a relative. *Merchants' Nat. Bank v. Lyon,* 185 Ill. 343; *Murry Nelson & Co. v. Leiter,* 190 Ill. 414. Whatever may be said of the justice or equity of the rule, its existence is too firmly established to be questioned. *Morriss v. Blackman,* 179 Ill. 103.

The point is made by defendants in error that the plaintiff in error has not exhausted his remedy at law and cannot maintain this suit, for the reason that the return on the execution shows that it was ordered returned, no property found, by the attorney or plaintiff in error. Since the decree is right on the merits, it is not necessary to discuss the legal question.

The decree is affirmed.

*Affirmed.*