DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEARS 1925 AND 1926.

---

### Edna E. Grosch and Viola A. Grosch, Appellees, v. Mendota National Bank, Appellant.

### Gen. No. 7,516.

1. FRAUD AND DECEIT—*presumption as to honesty of transactions.* Fraud is never presumed when transactions may be fairly reconciled with honesty, and if the weight of the evidence is in favor of the honest motive that conclusion should always be adopted.

2. FRAUDULENT CONVEYANCES—*right of debtor in failing circumstances to prefer one creditor over another.* A debtor in failing circumstances has the legal right to prefer one creditor over another, provided the debt preferred is actual and the transaction is not a mere device to secure an advantage to the debtor, or not to hinder, delay or defraud other creditors.

3. FRAUDULENT CONVEYANCES—*requisites to validity of preference given by debtor to creditor member of immediate family.* Where an immediate member of the debtor's family is preferred as a creditor there must be clear and satisfactory proof of a valid and subsisting debt which could be enforced.

4. APPEAL AND ERROR—*disposition of judgment where evidence of successful party sufficient to sustain verdict.* Even where there is a conflict in the testimony, if the evidence of the successful party when considered by itself is sufficient to sustain the verdict, an appellate tribunal will not set aside the judgment unless it is satisfied that it is manifestly against the weight of the evidence.

5. WITNESSES—*right of party calling adversary to question credibility*. A party who calls his adversary as a witness cannot question the latter's credibility.

6. EVIDENCE—*competency and weight of testimony by party called by adversary*. Where a party calls his adversary as a witness, that part of his testimony in favor of the witness must be considered as well as that against him, and if there is no countervailing testimony it must be taken as true.

7. CHATTEL MORTGAGES—*validity as affected by relationship between parties*. Where a chattel mortgage is given in good faith to secure a valid and subsisting debt, it is valid even though the parties are related and the effect of giving the mortgage is to prefer such relatives as creditors.

8. EXECUTIONS—*sufficiency of evidence to show validity of claim under chattel mortgage on trial of right of property*. Evidence on trial of rights of property in chattels of a judgment debtor levied upon pursuant to a judgment and claimed by his daughters as holders of a chattel mortgage, held sufficient to sustain a verdict for the mortgagees as against the contention that the mortgage was fraudulently given and for the purpose of hindering and delaying other creditors.

Appeal by defendant from the County Court of La Salle County; the Hon. R. D. MILLS, Judge, presiding. Heard in this court at the April term, 1925. Affirmed. Opinion filed November 25, 1925. Rehearing denied January 12, 1926.

JOHN W. DUBBS and WOODWARD, HIBBS & POOL, for appellant.

H. A. BROOKS, ARTHUR G. HARRIS and BUTTERS & BUTTERS, for appellees.

MR. JUSTICE PARTLOW delivered the opinion of the court.

On September 26, 1924, appellant, Mendota National Bank, obtained a judgment in the circuit court of La Salle county against Herman Grosch, for $5,288.55. An execution was issued, and the sheriff levied on certain personal property alleged to belong to Grosch, consisting of household goods, farm implements, stock and grain. On December 5, 1924, appellees, Edna E.

Grosch and Viola A. Grosch, who are daughters of Herman Grosch, filed notice in the county court of La Salle county that they were the owners of the property levied upon, by virtue of a chattel mortgage executed to them by Herman Grosch on August 8, 1924. There was a trial of the rights of property by a jury and a verdict was returned finding that the household goods belonged to Herman Grosch, and that all of the other property levied upon belonged to appellees. Judgment was entered on the verdict and an appeal has been prosecuted to this court.

On the trial the only evidence offered by appellees was the chattel mortgage and the two notes. An objection was sustained to the notes and overruled as to the chattel mortgage. Appellant called Herman Grosch and the two appellees as witnesses and then rested its case. At the close of the evidence on behalf of appellees, and again at the close of all the evidence, appellant made a motion to direct a verdict in its favor, both of which motions were overruled. As grounds for reversal, appellant contends that appellees did not make a prima facie case; that the chattel mortgage, as a matter of law, was fraudulent, and was given with a fraudulent intent in which appellees participated; that Herman Grosch was insolvent, and appellees knew it; that the chattel mortgage was given for the purpose of hindering and delaying creditors; that the consideration therefor was fictitious; that appellees did not intend to enforce the security; that the verdict was against the weight of the evidence.

The evidence shows that Herman Grosch was the owner of 145 acres of land, located two and one-half miles northwest of Mendota, of the value of $29,000, and that there was a mortgage of $18,000 thereon. This was all the real estate he owned, and, in fact, all the property he owned, except the personal property in this case, and he was indebted to various parties in a sum aggregating about $16,000 over and above the

mortgage. He lived on the farm with his family consisting of his wife and three children. Edna E. Grosch was 24 years of age on May 25, 1924, and Viola was 21 years of age on June 8, 1924. Both were graduates of the Mendota high school, and had lived all their lives with their parents on the farm in question. During the summer of 1924, the indebtedness of the father had been discussed by the family, and appellees were familiar with his financial condition. On August 8, 1924, Herman Grosch, his wife and the two appellees, went to Dixon to an attorney's office. A mortgage was drawn for $20,000 on the farm in favor of the wife. This mortgage is not in controversy in this case, and no evidence was offered concerning it, except that the evidence shows it was executed on that date. A chattel mortgage for $3,400 was at the same time executed to appellees, covering substantially all the personal property of Herman Grosch. It was to run for two years, and was given to secure an alleged indebtedness of $2,-500 to Edna, and $1,100 to Viola, being for money said to have been advanced by them to their father, and for money due them for work and labor under an express contract.

The evidence shows that Edna Grosch had taught school for eight months in 1920 and 1921, and for a like period in 1923 and 1924. She received $100 per month which she deposited in the bank. She testified that of that amount she gave her father money as he needed it, amounting to about $1,600. She drew checks to her own order and delivered the cash to her father. She took no note, but claims she kept a book account. Neither her checks nor the book account was introduced in evidence and no request was made for their production. From the time she became of age until June, 1920, she went to high school. She testified that after she became of age her father agreed to pay her $6 per week for her services at home as long as she was willing to stay; that she performed services at home,

both about the house and in the fields; that there was due her close to $1,150 for wages. Her father testified to the same facts, and that there was due her about $900, which $900, together with the $1,600 paid to him during the two years she taught school, made the total of $2,500 for which the note was given.

The evidence shows that Viola A. Grosch taught school for eight months in 1923 and 1924 and received $80 per month. She testified that of this amount she gave her father, at various times, $480, and her father entered into a contract with her for her services at $6 per week, and that she worked under the contract for about two years and four months, and there was due her $620 for those services. The testimony of Herman Grosch is in substantial accord with the testimony of the two appellees.

The evidence also shows that after the chattel mortgage was executed Herman Grosch and appellees went to the recorder's office where it was filed for record. After it was executed Herman Grosch continued in possession of the property. He used part of the corn to feed the stock. He disposed of four or five loads of oats, trading some of it for other articles used on the farm and sold the remainder for cash which he retained. He sold a shorthorn bull and used the money to buy gasoline and other things needed on the farm. He sold six or seven spring lambs and applied some of the money on his indebtedness. These sales were made with the consent of appellees.

Appellant contends that Edna Grosch testified that the chattel mortgage and notes were given to hinder and delay the creditors of Herman Grosch. The record shows that Edna Grosch testified that "we made the period two years for the reason that our father might pull out financially in that time, and we knew, also, in the meantime, that my father's other creditors could not bother him. That was not the purpose, however, of giving the mortgage." Appellees contend that when

they learned the financial condition of their father in the summer of 1924, they asked for security for the amounts which he owed them, and that the chattel mortgage and notes were given to secure those amounts.

The question is whether the evidence sustains the contentions of appellant. In *McKennan v. Mickelberry*, 242 Ill. 117, on page 134, the court said: "It has been repeatedly laid down by this and other courts that fraud will not be presumed, but must be proved, like any other fact, by clear and convincing evidence. (*Union Nat. Bank v. State Nat. Bank*, 168 Ill. 256, and authorities cited.) Something more than mere suspicion is required to prove allegations of fraud. The evidence must be clear and cogent, and must leave the mind well satisfied that the allegations are true. (*Shinn v. Shinn*, 91 Ill. 477.) If the motives and designs of the parties charged with fraud or collusion may be traced to an honest and legitimate source equally as to a corrupt one, the former explanation ought to be preferred. (*McConnell v. Wilcox*, 1 Scam. 344.) Fraud is never presumed when transactions may be fairly reconciled with honesty, and if the weight of the evidence is in favor of an honest motive that conclusion should always be adopted." To the same effect are *Carter v. Carter*, 283 Ill. 324; *Mosbarger v. Brown,* 313 Ill. 238; *Edwards v. Story,* 105 Ill. App. 433.

A debtor in failing circumstances has the legal right to prefer one creditor over another, provided the debt preferred is actual and the transaction is not a mere device to secure an advantage to the debtor, or not to hinder, delay or defraud other creditors. *Farwell v. Nilsson,* 133 Ill. 45; *Morriss v. Blackman*, 179 Ill. 103; *Merchants' Nat. Bank v. Lyon,* 185 Ill. 343; *Murry Nelson & Co. v. Leiter,* 190 Ill. 414; *Rice-Stix Dry Goods Co. v. Albrecht & Co.,* 273 Ill. 450; *Bartel v. Zimmerman,* 293 Ill. 154.

Where an immediate member of the family is pre-

ferred as a creditor there must be clear and satisfactory proof of a valid and subsisting debt which could be enforced. *Schuberth v. Schillo,* 177 Ill. 346. In *Luthy & Co. v. Paradis,* 299 Ill. 380, on page 385, the court said: "Where a husband makes a voluntary conveyance to his wife and afterwards becomes insolvent, the burden of proof is on him to disprove the implication of fraud as to creditors at the time of the making of the conveyance. (*Dillman v. Nadelhoffer,* 162 Ill. 625.) A husband may, however, deal with his wife or relatives in business matters and protect them by conveyances in satisfaction of existing indebtedness if done in good faith. Relationship is merely a circumstance that may excite suspicion, but will not, of itself, amount to the proof of fraud or show the absence of a bona fide debt. * * * There was no presumption of fraud which required the defendants to introduce proof to overcome it."

Even where there is a conflict in the testimony and the evidence of the successful party when considered by itself is sufficient to sustain the verdict, an appellate tribunal will not set aside the judgment unless it is satisfied that it is manifestly against the weight of the evidence. *Shevalier v. Seager,* 121 Ill. 564; *Chicago & J. Elec. Ry. Co. v. Barrows,* 128 Ill. App. 11.

There is no conflict in the evidence in this case. It consists of the evidence of Herman Grosch and the two appellees. Appellant called no witnesses except the parties in interest. A party who calls his adversary as a witness cannot question the latter's credibility. That part of his testimony in favor of the witness must be considered as well as that against him and if there is no contravailing testimony it must be taken as true. *Sawyer v. Moyer,* 109 Ill. 461; *Bowman v. Ash,* 143 Ill. 649; *American Hoist & Derrick Co. v. Hall,* 208 Ill. 597; *Luthy & Co. v. Paradis,* 299 Ill. 380.

If the chattel mortgage was given in good faith to secure a valid and subsisting debt, then it was valid

even though the parties were related and the effect of the giving of the mortgage was to prefer appellees as creditors. If the jury believed the uncontradicted evidence of Grosch and appellees, they were justified in returning the verdict which they did return. The uncontradicted evidence is sufficient to sustain the verdict, and even though there may be some suspicious circumstances which might cast a doubt as to the purpose of the transaction, yet under the evidence we do not think this court is justified in setting aside the verdict. The jury was in a better position than we are to determine the weight of the evidence of these witnesses.

Complaint is made of various instructions given on behalf of the appellees. No errors have been assigned, however, on any of these instructions and they are not open to review in this court.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*