Abial B. Sawyer *et al.*

*v.*

Solomon Moyer *et al.*

*·Filed at Springfield March 26, 1884.*

1. Evidence—*defence at law—not availing on creditor's bill—to impeach the judgment sought to be enforced.* On creditor's bill to set aside certain conveyances of land made by the debtor as in fraud of creditors, evidence tending to show that the debtor had been overreached in the transaction out of which the indebtedness was created, and induced to contract the debts upon which the judgments were recovered, by false representations made by some of the complainants, is not admissible. Whatever defence, if any, existed, should have been made in the actions at law.

2. Same—*burden.* On creditor's bill to set aside certain conveyances of the debtor, and from his grantees, as made in fraud of creditors, the burden of proving that the conveyances are fraudulent, and were made with intent to hinder and delay the creditors of the grantor, rests upon the complainants.

3. Same—*calling adverse party to testify—his entire testimony, favorable or unfavorable, to be considered.* Complainants, in a creditor's bill seeking to set aside certain conveyances of their debtor as fraudulent, called the defendants, who all testified that the sales were in good faith, for a valuable consideration, which was fully paid, but their answers as to where they obtained the money with which to make the purchases were very unsatisfactory. Aside from their testimony there was no evidence tending to impeach the conveyances in any considerable degree, and it was insisted they ought not to be believed: *Held,* that if their testimony should be received, that which made for them as well as that which was against them must be considered, and that the complainants were not entitled to the relief sought.

Appeal from the Circuit Court of Tazewell county; the Hon. N. M. Laws, Judge, presiding.

Mr. A. B. Sawyer, Messrs. Cohrs & Rider, and Mr. Wm. Don Maus, for the appellants:

In so far as the bill seeks to remove and set aside the alleged fraudulent conveyances by which Mary Moyer is clothed with the apparent title to the land sought to be charged specifically with the payment of complainant's judg-

ments, the bill is exhibited, and should be maintained as a creditor's bill, filed under the general equitable jurisdiction of a court of chancery in this State, according to the uniform practice therein. Story's Eq. Jur. sec. 1481; Story's Eq. Pl. sec. 537.

Where it is charged that the debtor has made a fraudulent conveyance, the judgment creditor may, before execution, file a bill to set aside the conveyance. *Wightman* v. *Hatch*, 17 Ill. 286; *Newman* v. *Willetts*, 52 id. 99; *Shufeldt* v. *Boehm et al.* 96 id. 560; *Greenway* v. *Thomas*, 14 id. 271; *Dewey* v. *Eckert*, 62 id. 218; *Lewis* v. *Lanphear*, 79 id. 187; *Miller* v. *Davidson*, 3 Gilm. 518.

Or the creditors may have the land sold, and the purchaser, if there is no redemption, may have the fraudulent conveyance set aside in chancery. *Brown* v. *Niles*, 16 Ill. 385; *Hunt* v. *Blodgett*, 17 id. 583; *Letcher* v. *Morrison*, 27 id. 209.

We submit that the parties' statements, their manner and spirit in testifying, their inconsistencies, their unnatural acts, and, indeed, every act and fact relating to the conveyances to Mary Moyer, point to but one irresistible conclusion, and that one is, that the conveyances are fraudulent.

Messrs. PRETTYMAN & DOUGHERTY, for the appellees:

Where no discovery is obtained, the answer denying the matter in the bill, the bill, so far as it seeks relief on a discovery, must be dismissed. If fraud is also charged, and other relief sought beside a discovery, the bill may be retained. *Philadelphia Fire Ins. Co.* v. *Central National Bank*, 1 Bradw. 357; *United States Ins. Co.* v. *Central National Bank*, 7 id. 428; *Martin* v. *Dryden*, 1 Gilm. 210.

The answer of a respondent to a bill in equity praying for a disclosure, only, is conclusive upon the complainant as to the truth of its statements, and a mere inadequacy of consideration is no ground for setting aside a deed in equity,

when the stipulated consideration is actually paid or received. *Pollard* v. *Lyman*, 1 Day, 156.

The bill charges specific frauds upon the defendants. The answers, severally, positively deny them. The burden of the proof is upon the complainants. Fraud is never to be presumed, but must be proved by the party alleging it. *Wright* v. *Grover*, 27 Ill. 426.

A party must support his bill by proof, and he is supposed to know the character of the witnesses he adduces, and having thus presented them to the court, the law will not permit him afterwards to impeach their general reputation for truth, or to impugn their credibility by general evidence tending to show them to be unworthy of belief. 1 Greenleaf on Evidence, sec. 442.

A party can not impeach a witness called by him, by proving that he had made contrary statements out of court. *Griffin* v. *Chicago*, 57 Ill. 317; *Chambers* v. *Warren*, 13 id. 321.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a creditor's bill, and was brought by Abial B. Sawyer, and other judgment creditors of Solomon Moyer, against Solomon Moyer, Henry Moyer, Sarah Ann Moyer, and Mary Moyer, in the circuit court of Tazewell county. The recovery of judgments at law in favor of complainants, against Solomon Moyer, is set forth in the bill, and then it is alleged that at the time, and after the indebtedness to complainants was contracted, Solomon Moyer was the owner of valuable real estate in Tazewell and McLean counties, and that afterwards, but before complainants recovered their judgments at law against him, Solomon Moyer conveyed a part of his real estate to Henry Moyer, and another part to Sarah Ann Moyer; that subsequently Henry Moyer and Sarah Ann Moyer conveyed such real estate to Mary Moyer, and that such conveyances were all colorable, and made without any

valuable consideration, with a view to hinder and delay the creditors of Solomon Moyer in the collection of their claims against him. It is further alleged that Solomon Moyer has now no other property, real or personal, subject to levy and sale on execution. Answering, defendants admitted the recovery of the several judgments mentioned in complainants' bill, against Solomon Moyer, and also the several conveyances as alleged in the bill, but assert the good faith of the transactions, and that the conveyances were all *bona fide* sales, for a full and valuable consideration, and with no view to hinder and delay the creditors of Solomon Moyer in the collection of their just claims against him. Replications were filed to the answers of defendants, and the cause was submitted upon the issues made by the pleadings, and on the proofs taken. The court found for defendants, and dismissed the bill. That decision was affirmed in the Appellate Court, and complainants bring the case to this court.

No controversy is made as to the validity of the judgments at law in favor of the several complainants against Solomon Moyer, nor that the indebtedness upon which such judgments were recovered accrued prior to the conveyances made by Solomon Moyer to Henry Moyer and Sarah Ann Moyer, as alleged in the bill. Some effort was made to show that Solomon Moyer was overreached in the transaction, and was induced to contract the indebtedness by false representations made by some of complainants, and on that account the judgments were not equitably due to complainants; but the evidence on this branch of the case ought to have been rejected. Whatever defence, if any, existed, should have been made in the actions at law. As the evidence was heard before the court, it did no harm, as it will be presumed none but proper evidence was considered in the decision of the case. Before coming to the consideration of the merits of the case, it may be remarked that neither the bill nor the proof makes any case that would warrant the appointment of a receiver,

and the bill, so far as it asked to have one appointed, was very properly dismissed, no matter what view may be taken of the transaction.

The only branch of the case that presents any difficulty is, whether the conveyances of real estate by Solomon Moyer to Henry Moyer and to Sarah Ann Moyer, and from Henry and Sarah Ann to Mary Moyer, have been proven to be fraudulent as to the creditors of Solomon Moyer. As has been seen, the answers of defendants assert, with the utmost positiveness, the good faith of the several transactions,—that all of the conveyances were *bona fide* sales, upon full and valuable considerations, and made with no intent to hinder and delay creditors of the grantor in the collection of their just claims against him. The principal evidence in the case comes from defendants implicated in the transactions, all of whom, except Sarah Ann Moyer, were examined as witnesses before the master in chancery, to whom the cause was referred. These witnesses were all produced by complainants, and every one of them says the sales were in good faith, for a valuable consideration, which was fully paid. Many of the answers of the witnesses as to where they got the money with which to make the purchases, are very unsatisfactory, and it is argued for that reason they ought not to be believed. But whom shall we believe? These are the most material witnesses, and if their testimony is rejected the record contains no evidence whatever tending to impeach, in any considerable degree, the fairness of the several conveyances. Should the testimony of these witnesses be considered, that which makes for them must be considered as well as that which is against them. When that is done it is seen these were actual sales in good faith, upon a sufficient money consideration, and with no intent to hinder and delay the creditors of the grantor in the collection of their claims against him. The burden of proving the conveyances fraudulent, and done with intent to hinder and delay the creditors of the grantor, rested upon

30—109 ILL.

complainants, and that has not been done.   All of defendants examined as witnesses testify to the fairness of the conveyances, and unsatisfactory as their testimony is in some respects, there is nothing in the record that sufficiently overcomes it.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*