## Jennie L. Bowman et al. v. John C. Wilson.

1. SCANDALOUS AND IMPERTINENT MATTERS—*When Properly Stricken Out.*—Scandalous and impertinent matter in an answer relating to matters not within the cognizance of the court are properly stricken out on motion of the adverse party.

2. JUDGMENTS—*Power of Other Courts Over.*—Where a judgment is entered by confession in one county and nothing is made to appear to show a want of jurisdiction in the court of the subject-matter and per-

son of the defendant, the courts of another county have no power to question its validity.

3. SAME—*Obtained by Fraud.*—A court of law may set aside its own judgment obtained by fraud upon the court, but not for fraud practiced only upon the adverse party, where he has had his day in court, or opportunity to have it, or has waived it, and his adversary has obtained judgment upon competent and sufficient evidence, however false and fraudulent.

4. EQUITY PRACTICE—*Reaching Equitable Assets.*—An intervening petition in the nature of a creditor's bill, founded on the judgment of another court having unquestioned jurisdiction, where legal means of obtaining satisfaction have been exhausted, is properly addressed to a court having control of equitable assets arising from the sale of lands in partition, and of which the judgment debtors are entitled to distributive shares.

**Intervening Petition.**—Appeal from the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 21, 1895.

FRANK A. WHITESIDE, attorney for appellants.

If appellants had the right to bring an action in equity to set aside this judgment on the ground of fraud, surely where equity is invoked to assist in enforcing the judgment, they have the right to defend on the same ground. Higgins v. Curtiss et al., 82 Ill. 28, cited and approved in Anderson v. Hawke, 115 Ill. 33.

W. E. HUGHES, attorney for appellee.

Impertinence in its legal sense is defined to be " the introduction of any matter in a bill, answer or other pleading or proceeding in a suit which is not properly before the court for decision at any particular stage of the suit." Story's Equity Pleadings, Secs. 266 to 270, inclusive.

" If matter is scandalous it is also impertinent. Scandal tends to injure the opposite party by making the record of a court the means of perpetuating libelous and malignant slander." Daniell's Chancery Pleadings, Sec. 347; Story's Equity Pleadings, Secs. 269, 270.

Where a matter has been once heard and determined in a court of law, it can not be raised anew and reheard in a court

of equity. Cave v. Davis, T. B. Monroe (Ky.) 392; Hook v. Wood, 3 Miss. (2 How.) 867; Bumpass v. Reaves, 1 Sneed (Tenn.) 595; Gregory v. Burrell, 2 Edwards' Chy. 417; Miles v. Caldwell, 2 Wall. 35.

A court of equity can not revise a judgment at law; the judgment must be held correct and conclusive until reversed in a court of appeal. DeReimer v. Cantillion, 4 Johns. (Chy.) 85; Hollister v. Barclay, 11 N. Y. 501; Henderson v. Mitchell, 1 Bail (S. C.) Chy. 113; Cameron v. Bell, 2 Dana (Ky.) 328; Sawyer v. Moyer, 109 Ill. 461.

The rule of *res adjudicata* applies not only to judgments rendered after litigation of the matter in controversy, but to judgments rendered on default. Gates v. Preston, 2 Hand (N.Y.) 113; Newton v. Hook, 48 N.Y. (3 Sickles) 676; Gifford v. Thorn, 9 N. J. Eq. 702; Briggs v. Richmond, 10 Pick. 391; Green v. Hamilton, 16 Md. 307; Freeman on Judgments, Secs. 330 and 532.

A defendant to a creditor's bill has no right to offer any evidence and therefore not to plead any facts tending to show that the debtor had been overreached in the transactions resulting in the judgment recovered at law. Sawyer v. Moyer, 109 Ill. 461.

A party against whom a bill had been taken as confessed can not assign as error that the proof does not sustain the allegation of the bill, it being a matter of discretion whether the court will require evidence to be produced. Parke v. Brown, 12 Brad. 291.

A decree *pro confesso* concludes a party to the extent of the averments in the bill. The defendant can not in such a case object to the sufficiency of the proof. Brahm v. Dietsch, 15 Brad. 335; Starne v. Farr, 17 Brad. 497; Hammert v. Stempel, 31 Ill. App. 553; Johnson v. Donnell, 15 Ill. 97; Marsh v. Kauff, 74 Ill. 191; Benneson v. Bill, 62 Ill. 408; Koster v. Miller, 149 Ill. 201.

The default admits the faults alleged, but not that the facts authorize the decree rendered. A part of the defendants here suffered a default, and they can not, therefore, be now heard to question the sufficiency of the evidence. Wing

v. Cropper, 35 Ill. 256; Thompson v. Dearborn, 107 Ill. 87; Boston v. Nichols, 47 Ill. 357.

When the defendant, by a default, confesses the truth of the allegations of the bill, no proof is required to sustain a decree based upon the allegations. Gault v. Hoagland, 25 Ill. 266; Stevens v. Vichell, 27 Ill. 444; Harmen v. Campbell, 30 Ill. 25; Manchester v. McKee, 4 Gilm. 517; Sullivan v. Sullivan, 42 Ill. 315; Cronan v. Frizell, 42 Ill. 319.

JOHN C. WILSON, *pro se.*

There are but two methods by which the judgment of a court may be attacked; these are, first, by direct attack, that is, an attempt to set it aside or correct it in some manner provided by law; and, second, by collateral attack. In a direct attack, the existence of the judgment is admitted, it being insisted that for some reason the judgment should be set aside or amended; in a collateral attack, the insistence is that the judgment is without effect, void, or, being voidable, has been made void by the party entitled to repudiate it. Cited: Chudleigh v. C., R. I. & P. Ry., 51 Ill. App. 490; Harmon v. Moore, 112 Ind. 221; Earle v. Earle, 91 Ind. 27.

When the court has jurisdiction, its judgment can not be collaterally impeached for any errors in law or any irregularities in practice. Cooper v. Reynolds, 10 Wall. (U. S.) 308; Wimberly v. Hurst, 33 Ill. 166; Graceland Cemetery v. People, 92 Ill. 619; Hendrick v. Whittemore, 105 Mass. 23; Bannon v. People, 1 Brad. 496.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

In certain proceedings in Greene county, at the suit of appellants against Andrew C. Bowman et al., for the partition of real estate, a decree was entered for the sale of the premises by the master in chancery, which was accordingly made for $10,000. Appellee was solicitor for appellants, the complainants in those proceedings. Before the proceeds of the sale were ordered to be distributed, he made a motion for leave to file an intervening petition therein, and upon

obtaining it, filed the one which is the foundation of this case.

It averred that on August 31, 1894, the petitioner recovered a judgment against appellants in the Superior Court of Cook County for $848 and costs, on which execution was issued the next day and returned no property found; that appellants have no property in this State out of which the execution could be made, except their distributive shares in the proceeds of the sale under said decree in the hands of the master, who is not liable to be garnished at law; that his said judgment was upon a note of appellants, given upon an accounting between the parties on August 21, 1894, and was for his fees as solicitor of appellants in said partition case and of Andrew C. Bowman in the same, which they assumed to pay, and also for money lent and advanced by him for them at their request; that he has no sufficient remedy at law for the collection of said judgment, but has an equitable right to a lien upon appellants' distributive shares in the proceeds of said sale; and that the master in chancery has in his hands, of such proceeds, $1,000, belonging to them. It prays for a rule on them and the master to answer under oath, and for a decree, on hearing, for a satisfaction of said judgment out of said fund, etc.

The answer of appellants did not deny the rendition of the judgment, or the issuance and return of execution thereon as alleged, but did deny personal knowledge thereof. It averred that if any such judgment was obtained it was without process against or other notice to them of the institution of any proceedings therefor; that they were able and willing to pay all just claims against them; denied that there was ever any accounting between the parties; that the respondents ever assumed to pay petitioner for any services as solicitor of said Andrew C. Bowman, or that they were indebted to him for money advanced for them or on any other account; averred that the court fixed the amount of his fees as solicitor for them in said cause, which was fully paid, and that he obtained the note on which the judgment, if any, was rendered, by representations so false and fraudulent and

acts so oppressive, that if true they could not be character-
ized with too much severity.  But their allegation in this
case was excepted to as impertinent and scandalous, and the
exceptions were sustained.  Thirty days were given to
appellants in which to file sufficient answers.  The rule
was not complied with, but after the lapse of the time so
given, and without any further answer in the same term,
appellants by some means, in the absence of counsel for appel-
lee, obtained an order of continuance; which, on motion of
said counsel, as soon as it became known to them, and during
the same term, was set aside, the default of appellants for
non-compliance with the rule taken, and a decree made ac-
cording to the prayer of the petition taken as confessed;
from which this appeal was prayed and allowed.

Had the ignorance of appellants and the acts of fraud and
oppression alleged in the answer been set forth to the court
in which the judgment was rendered, upon a motion to open
it and let them in to plead, we should have held that the
matters excepted to were neither impertinent nor scanda-
lous, constituting, as they did, the ground of the motion and
being within the cognizance of that court.

But if they were not legally within the cognizance of the
Circuit Court of Greene County, sitting in chancery, upon
this petition, they were both impertinent and scandalous,
and the exception thereto for those reasons was properly
sustained.

We infer that the judgment of the Superior Court of
Cook County was upon a note of appellants with a power
of attorney to confess it, and as nothing appears by the
answer to show a want of jurisdiction in that court of the
subject-matter and the persons of the defendants, we think
the Circuit Court of Greene County had no power to ques-
tion the validity of its judgment.  Sawyer v. Moyer, 109
Ill. 461.

It is truly said, generally, that fraud vitiates every-
thing, judgments included, into which it effectively enters.
But this is said only of fraud properly alleged and duly
shown in a proper proceeding.  A court of law may set

Bowman v. Wilson.

aside its own judgment obtained by fraud upon itself, but not for fraud practiced only upon the adverse party, where he has had his day in court, or opportunity to have it, or has waived it, and his adversary has obtained judgment upon competent and sufficient evidence, however false and fraudulent. The court of law rendering it can not in such case set it aside or review it. Public interest requires that there should be an end of litigation. Errors of law or fact may be corrected by a court of review; and a court of equity, upon a proper showing by a defeated party, of newly discovered evidence which should produce a different result, unknown to him before or at the time of trial, without his fault, may award a new trial in the court of law; but we know of no authority or principle upon which the judgment of a court having jurisdiction of the subject-matter and parties can be otherwise attacked collaterally or be disregarded by any other, or even by the court which rendered it, except as to judgments by confession upon warrant of attorney, over which it is held to have an equitable control by virtue of which it may, upon a proper showing, let the defendant in to plead, leaving the judgment to stand as security for the outcome. We understand these propositions to be so well established and familiar as to require no extended citation of authority. They are largely referred to in the brief for appellee, and will, doubtless, be given by the reporter.

Here the intervening petition was in the nature of a creditor's bill, founded on the judgment of another court having unquestioned jurisdiction and the exhaustion of legal means of obtaining satisfaction, without effect, and was addressed to the only court having control of the equitable assets sought to be so applied. The defense attempted to be set up is that if the court which rendered that judgment had known the facts, it should not have rendered it. But it was rendered by express authority of appellants, upon their own note, which was apparently a valid and sufficient consideration for it. They had notice of it in ample time to apply to that court for relief by motion, but

did not avail themselves of the opportunity.    For authority
of the court below in effect to grant it in this proceeding
counsel cite the cases of Higgins v. Curtiss, 82 Ill. 28, and
Anderson v. Hawhe, 115 Ill. 33.    The judgment in the first
was an allowance by the County Court of a claim against
the estate, and the court held that it was not conclusive
against the sole devisee, and might be so attacked by her as
fraudulent and inequitable; and in the other, the judgment
was absolutely void for want of jurisdiction of the person of
the defendant.    These cases therefore do not controvert the
rule declared in Sawyer v. Moyer, *supra.*

Perceiving no material error in the record the decree of
the court below will be affirmed.