## John F. Jasper, Appellee, v. Griffin Wheel Company, Appellant.

### Gen. No. 20,765.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 5, 1915. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by John F. Jasper, plaintiff, against the Griffin Wheel Company, a corporation, defendant, in the Superior Court of Cook county, to recover for personal injuries. From a judgment of $2,000 for plaintiff, defendant appeals.

Plaintiff was employed by defendant as carpenter and millwright in its foundry buildings. The accident occurred in a two-story foundry building of defendant, where plaintiff was ordered by defendant's foreman to repair a broken gate on a freight elevator, used to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

hoist "buggies" of scrap iron from the first to the second, or charging floor. No one was specially employed to operate this elevator. When an employee had occasion to hoist iron, he pushed his "buggy" aboard the elevator, ran the elevator to the second floor, where he pushed the "buggy" off. After unloading, he pushed the empty "buggy" on the elevator, ran the elevator back to the first floor, and again pushed the "buggy" off. The elevator was operated by an endless cable, which passed over sheaves at both top and bottom of the elevator shaft. The car could be stopped by means of a rope, which hung in the shaft, and which shifted the power from the tight to the loose pulley. The gate in question worked between cleats which held it in place, and automatically rose as the elevator car descended, and fell as the car rose.

There was some conflict as to the understanding between plaintiff and the foreman as to when the repair should be commenced, the latter, with another witness, testifying that plaintiff and the foreman agreed that nothing should be done until the elevator shut down for the night, owing to the danger.

Plaintiff testified that he did not in fact wait, but commenced work at once to remove the gate from the cleats, in order to do which it was necessary to remove the bottom of the cleat. This he sawed off about four feet from the bottom, and when about to enter the shaft to remove the cleat, an employee was seen coming with a buggy of scrap iron. Plaintiff instructed this employee after starting the elevator upward, not to run it down until plaintiff directed, to which the employee assented. Plaintiff then entered the shaft and was prying at the cleat with a pinch bar when he heard the car coming down. Not finding the safety rope, and the gate being down, he lay down in the bottom of the shaft, where the car struck him, causing the injuries sued for.

Instruction No. 3, given for plaintiff, was as follows:

"You are instructed that what is meant by preponderance or greater weight of the evidence, is the preponderance or greater weight of the evidence which you believe; and if you do not believe any portion of the evidence, when considered together with other evidence in the case, then that evidence which you do not believe need not be considered by you in determining where the weight or preponderance lies."

Frank M. Cox and R. J. Fellingham, for appellant.

Fred H. Atwood, Frank B. Pease, Charles O. Loucks and Vernon R. Loucks, for appellee.

Mr. Justice Baker delivered the opinion of the court.

## Abstract of the Decision.

1. Trial, § 155*—*when weight of conflicting evidence for jury.* In an action to recover for personal injuries, where the testimony is conflicting, the jury are warranted in taking plaintiff's testimony as true, where there are undisputed facts tending to support it, it being for the jury to say what the facts were.

2. Master and servant, § 260*—*when carpenter and employee operating elevator not fellow-servants.* A carpenter engaged in repairing an elevator in the master's buildings, and another person employed by the same master, who has occasion at times to use the elevator, but who is not regularly employed in such work, are not fellow-servants, but a servant so using the elevator becomes *pro hac vice* its conductor, for the negligent acts of whom, while so employed, the master is liable.

3. Master and servant, § 697*—*when evidence sufficient to show negligence.* Where plaintiff, a carpenter and millwright, is engaged in repairing the gate of an elevator in one of the master's foundry buildings, and enters the shaft in reliance on the promise of another servant who operates the elevator that he will not lower the elevator until plaintiff signals, but such other nevertheless lowers the elevator without signal, injuring plaintiff, evidence *held* to warrant the jury in finding that the servant in charge of the elevator was negligent, and that his negligence was that of the master.

4. Master and servant, § 350*—*when negligence of another em-*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*ployee not assumed risk.* A carpenter and millwright employed by a foundry corporation and engaged in repairing an elevator belonging to defendant, does not, by his contract of employment, assume the risk of an injury caused by the negligent act of another servant, who, while in charge of the elevator, lowers the car without signal from plaintiff, after having agreed not to lower it before receiving plaintiff's signal.

5. MASTER AND SERVANT, § 699*—*when evidence sufficient to support finding of freedom from contributory negligence.* In an action by a servant to recover for personal injuries received while repairing an elevator in one of the master's foundry buildings, in the usual course of his employment, where plaintiff enters the elevator shaft to remove a cleat holding the elevator gate in place, relying on the promise of the servant in charge of the elevator that he will not lower the elevator car until plaintiff signals, and where the injury is caused by the lowering of the elevator car before such signal, *held t*hat the jury might properly find from the evidence that plaintiff was not guilty of contributory negligence, and that plaintiff, in securing and relying on the promise, did all that was reasonably required for his own safety, although he did not throw off the power by the use of the safety rope, and tie it up so that the power could not be thrown on, or place timbers in the shaft to arrest the descent of the car, both of which he might have done.

6. MASTER AND SERVANT, § 823*—*when instruction on preponderance of evidence not reversible error.* In an action by a servant to recover for personal injuries caused by the negligent operation of an elevator car while plaintiff was repairing the elevator gate, an instruction to the effect that the preponderance or greater weight of the evidence meant the preponderance or greater weight of only such evidence as the jury might believe, and that any evidence not believed need not be considered in determining where the weight or preponderance lay, *held,* under the facts of the case, not reversible error, though open to serious objection, in that the jury cannot refuse to consider any part of the evidence in determining the question of its preponderance, but must consider all the evidence, and though in another case the error might require a reversal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.