Isadore Jung et al., Appellees, v. Dixie Greyhound Lines, Inc. and New Era Transport, Inc., Appellants.

Term No. 46F2.

Opinion filed May 6, 1946. Rehearing denied October 4, 1946. Released for publication October 5, 1946.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for certain appellant.

BAKER, LESEMANN, KAGY & WAGNER, of East St. Louis, for certain other appellant.

JOHNSON & JOHNSON, of Belleville, for appellees.

MR. JUSTICE BARTLEY delivered the opinion of the court.

The questions for consideration by the court are whether there is any proof of negligence against the appellants respectively, or whether the judgments of the circuit court of St. Clair county are contrary to the manifest weight of the evidence as against the appellants respectively. Separate appeals are prosecuted by the appellant, Dixie Greyhound Lines, Inc., and the appellant, New Era Transport, Inc., and each asserts that the other is solely liable. The trial court, in a hearing without a jury, found both appellants liable and entered judgments on August 1, 1945, against both appellants and in favor of the appellee, Isadore Jung, in the sum of $900; in favor of appellees, Emil Vonderheid and Dora Vonderheid, for $1,600; and in favor of appellees, Jacob J. Wittmann and Mae Wittmann, for $450.

The judgments were entered in a suit by the appellees to recover property damages to their dwelling houses and premises sustained on July 24, 1943, as a result of a fire which occurred following a collision between a bus of the Dixie Greyhound Lines, Inc., and a tractor and trailer loaded with 3575 gallons of gasoline of the appellant, New Era Transport, Inc. The amount of damages sustained by the appellees was stipulated to by the appellants with an express denial of liability on the part of each, and the judgments as to amount, if liability exists, are not in question.

By the pleadings, the appellant, Dixie Greyhound Lines, Inc., was charged with operating a bus at a high and dangerous rate of speed in violation of par. 146, ch. 95½, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 85.178]; failure to keep a proper lookout ahead for other vehicles, including the truck and trailer of appellant, New Era Transport, Inc.; operating its bus carelessly, failing to observe the motor truck of the appellant, New Era Transport, Inc., which was in the act of making a left turn; and carelessly failing to observe the truck and trailer of appellant, New Era Transport, Inc., which was directly in front of and in the path of the bus of the appellant, Dixie Greyhound Lines, Inc.

The appellant, New Era Transport, Inc., was charged with violating par. 166, ch. 95½, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 85.198] by carelessly making a left turn of its truck without using proper caution and without due regard for the approach of the bus of the appellant, Dixie Greyhound Lines, Inc., from the opposite direction; with violating said sec. 166 by carelessly making a left turn of its truck; carelessly failing to keep a proper lookout ahead for other vehicles, including the bus of the appellant, Dixie Greyhound Lines, Inc.; operating its truck, carelessly failing to observe the bus of the appellant, Dixie Greyhound Lines, Inc., which was approaching; and operating its truck, carelessly failing to observe said bus which was directly in front of and in the path of the truck of the appellant, New Era Transport, Inc.

In considering the questions raised as to whether there is any evidence against the appellant respectively to sustain the conclusions of the trial court, or whether the conclusions of the trial court were contrary to the manifest weight of the evidence, there is required an examination of the evidence and the record, which we have done. In this consideration, however, it should be borne in mind that negligence is

ordinarily a question of fact, and that where the evidence of material facts is conflicting, or where, on undisputed facts, fair-minded men of ordinary intelligence may differ as to the inferences to be drawn, or where, on even a conceded state of facts, a different conclusion would reasonably be reached by different minds, in all such cases, negligence is a question of fact. The ultimate fact to be determined is the existence or nonexistence of negligence. With all the facts considered, if there is a reasonable chance of conclusions differing thereon, then it is a question for the trier of the facts. Negligence may become a question of law where, from the facts admitted or proven, there is no reasonable chance of different reasonable minds reaching different reasonable conclusions, or it may also become a question of law if a single material fact is conclusively shown or uncontradicted, the existence or nonexistence of which is conclusive of a right of recovery. (*Wabash Ry. Co. v. Brown,* 152 Ill. 484; *Russell v. Richardson,* 302 Ill. App. 589; *Hurst v. Madison Coal Corp.,* 201 Ill. App. 205.)

We turn now to a consideration of the evidence and the facts, as shown by the record. Appellees are property owners along Mascoutah avenue in an outlying residential section of the City of Belleville, Illinois, near a point where it intersects with McClintock street in said city. Mascoutah avenue runs in a generally east and west direction. State Route No. 15 runs over Mascoutah avenue at this point in Belleville. McClintock street runs in a generally north and south direction and ends at its intersection with Mascoutah avenue at a point near the homes of the appellees. On July 24, 1943, at about 4:30 in the afternoon, a bus of the appellant, Dixie Greyhound Lines, Inc., and a tractor and trailer of the appellant, New Era Transport, Inc., collided at the mentioned intersection. As a result of the colli-

sion, the gasoline became ignited, burning the bus and the trailer. The driver of the bus was killed in the accident by burning or otherwise, and the homes of the appellees, their trees, lawns, and shrubbery were damaged to the amount respectively as shown by the stipulation entered of record by the parties.

The New Era truck was an International, tractor type with trailer tank on the back loaded to capacity. The overall weight of the tractor trailer and load was approximately 38,000 pounds or 19 tons. The overall length of the tractor trailer was from 34 to 36 feet. The bus was a large standard type Greyhound.

The paved portion of Mascoutah avenue is 18 feet wide and McClintock street is 24 feet in width. Mascoutah avenue from the south is intersected by McKinley street at a point 690 feet west of the McClintock Mascoutah avenue intersection. Mascoutah avenue extends straight east from the McClintock Mascoutah avenue intersection, where the collision occurred, for a distance of approximately 50 feet and at that point goes into a 7° 12' curve. It was from this direction that the Greyhound bus approached the intersection. McClintock street is an ascending grade going north from Mascoutah avenue. The high point is approximately 300 feet north of Mascoutah avenue. McClintock street intersects Mascoutah avenue at something greater than a 90 degree angle. The grade of Mascoutah avenue going west from McClintock street is downhill or low grade towards McKinley street, the low point being about 521.6 feet from the center line of McClintock street and 8.8 feet lower than the center of the intersection of McClintock street and Mascoutah avenue. On the northeast corner of the intersection there is a home along which a brick retaining wall runs.

The driver of the New Era truck drove onto Mascoutah avenue from McKinley street and then drove in an easterly direction on Mascoutah avenue until he made a left turn onto McClintock street.

The evidence in the case was all offered by the plaintiffs and included testimony of witnesses who saw all or parts of the accident and the facts and circumstances in relation thereto; an experiment conducted for the purpose of ascertaining the distance approaching vehicles could be seen coming east on Mascoutah avenue from McClintock street; a plat showing Mascoutah avenue and McClintock street, the place of the accident and surrounding area; and photographs of the scene of the accident and surrounding area, and of the scene of the accident immediately following its occurrence.

The driver of the truck testified that he was traveling at a speed of approximately 10 to 12 miles an hour before and at the time of the accident without any change of speed; that before turning left onto McClintock street, he extended his left arm and looked to the east and saw no one approaching within his range of vision; that when he saw the Dixie Greyhound bus for the first time after he started to turn, it was 30 to 40 feet from him and was traveling at a speed of at least 45 miles per hour; that it was on the right hand side of the road; that it did not swerve from the time he saw it until it hit him, and that he could see the entrance to the Walnut Hill Cemetery, which, according to measurements in evidence, was 230 feet away on Mascoutah avenue.

A witness who was sitting by a tree on the south side of Mascoutah avenue, testified that he saw the truck coming up the road; that it passed where he was sitting; that he saw the driver start a left turn and that after he started, he heard a horn and just as he looked around, he saw the bus just about to hit the truck.

A witness who was sitting in his car at the entrance of the Walnut Hill Cemetery testified that he was driving out from the cemetery and when he got to Mascoutah avenue, he brought his automobile to a stop; that he observed a bus pass in front of him and kept it in sight from the time it passed him until the collision happened; that he saw it hit the oil truck. When the bus was passing him, the driver was alone and was smoking a cigarette; that the bus was traveling somewhere around 40 to 45 miles an hour and that it continued to go straight; that he saw the truck and trailer before the impact, crossing the intersection at Mascoutah avenue and McClintock street; that the bus had hardly slackened its speed at all from the time it passed him until the time it hit the truck.

The evidence shows that there was a standard highway "slow" sign erected and standing along the north side of Mascoutah avenue, 284 feet east of the point of the collision. The bus left no skid marks indicating that the driver attempted in any way to stop to avoid the collision. The place of the impact on the truck was about the right door of the cab or the rear of the tractor. The truck driver could have seen the bus more than 240 feet east of the point of the collision; likewise the driver of the bus could have seen the truck for more than this distance.

A violation of a statute prescribing a duty for the protection and safety of persons and property may be negligence, if such violation caused or contributed to cause an injury or damage. Apart from any other questions of alleged negligence, from a consideration of all of the evidence in the record, we are satisfied that the trial court was warranted in concluding that the accident was proximately caused by the concurring negligence of the appellant, Dixie Greyhound Lines, Inc., by its operator driving at an unreasonable and excessive rate of speed in violation of par. 146, ch. 95½, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann.

85.178], and that the appellant, New Era Transport, Inc., was guilty of negligence by the driver of its tractor trailer making a left turn without caution and without due regard for traffic approaching from the opposite direction, in violation of par. 166, ch. 95½ of said statutes [Jones Ill. Stats. Ann. 85.198], which concurring negligence proximately occasioned the accident and resultant damages to the appellees.

The driver of the Dixie Greyhound bus either did not see the New Era trailer truck, which he should have done, or seeing it failed to heed. The driver of the trailer truck failed to look and see the approaching bus, or looking, failed to see it when he should have, or seeing it, heedlessly turned in its path. Such acts under the circumstances shown in the record here constitute negligence.

Counsel respectively for the appellants pick out certain portions of the testimony in the record and say that this evidence shows that their respective clients are not guilty of negligence, but that the other is. Attention of the court is directed to such cases as *Sawyer v. Moyer,* 109 Ill. 461, 465; *American Hoist & Derrick Co. v. Hall,* 208 Ill. 597, 600, 601; *Luthy & Co. v. Paradis,* 299 Ill. 380, 383, 384 and *Chance v. Kinsella,* 310 Ill. 515, 523.

Assuming, without deciding, that the particular portions of the testimony of certain witnesses directed to the court's attention, would warrant the conclusions stated by the respective appellants, the fallacy of the position lies, in that, in weighing the evidence in a case, it was the duty of the trial court, and is the duty of this court, to consider all of the testimony of all of the witnesses, including that elicited on direct examination and cross-examination, and all the facts and circumstances in the case, and give to all, the weight and effect under the law of evidence to which they are entitled. This is true regardless of by which side the witnesses were called or by

whom the evidence was offered. (*Auschwitz v. Wabash Ry. Co.*, 346 Ill. 190, 208; *Jasper v. Griffin Wheel Co.*, 194 Ill. App. 517, 520; *Highley v. American Exchange Nat. Bank*, 185 Ill. 565, 570 and *Chicago City Ry. Co. v. Gregory*, 221 Ill. 591, 597, 598.) There is nothing to the contrary in such cases as *Sawyer v. Moyer*, 109 Ill. 461. In that case, defendants were called as witnesses by the complainants, and in discussing the weight to be given to their testimony, the court, on page 465, said:

"Should the testimony of these witnesses be considered, that which makes for them must be considered as well as that which is against them."

To a like effect are the other cases on this question called to our attention by one or both of the appellants.

We find no reversible error in the record, and the trial court was warranted in his conclusions that each of the appellants was guilty of negligence which proximately contributed to the cause of the accident in question and the resultant damages to the appellees. The judgments of the circuit court of St. Clair county are affirmed.

*Affirmed.*

STONE, P. J., and CULBERTSON, J., concur.