Robert Dimucci, a Minor, by Salvatore Dimucci, His Father and Next Friend, Plaintiff-Appellant, v. Samuel Garnello, et al., d/b/a Porretta & Torti Co., Defendants-Appellees.

**Gen. No. 48,981.**

First District, First Division.

October 28, 1963.

Rehearing denied November 15, 1963.

James J. Kilgallon, of Chicago, for appellant.

Voigt & Poulakidas, of Chicago (Angelos G. Poulakidas and Gerald M. Chapman, of counsel), for appellee, Samuel Palumbo. Berchem, Schwantes & Thuma, all of Chicago (Donald N. Berchem and John J. Ryan, of counsel), for appellees, Samuel Garnello, Annette Garnello, Valentino Porretta and Albert Torti.

MR. JUSTICE BURMAN delivered the opinion of the court.

Plaintiff appeals from a judgment entered upon a verdict of not guilty in an action brought by the father and next friend to recover damages for personal injuries sustained by Robert Dimucci, a minor, who fell from his tricycle into an excavation adjoining a private sidewalk. Plaintiff's post-trial motion for a new trial was overruled.

The plaintiff, a boy of five years, on the date of the occurrence, May 7, 1950, resided with his parents at 1657 North Nordica Avenue, Chicago, Illinois. Immediately south of them was a residence owned by a family named Debias. Adjoining the Debias residence was a vacant lot upon which a residence was being constructed for the owner defendants Samuel and Annette Garnello. The excavation of the lot had been commenced by defendant, Samuel Palumbo, the excavating contractor, on March 22, 1950, and completed on April 18, 1950. The defendant, Val Porretta, a cement contractor, set the foundation in the excavation which was thirty feet from the public street between April 19th and April 29th. Val Porretta testified that it takes about ten days for cement foundation to harden before the back filling takes place. Defendant, James Insolia, a mason carpenter, began his work about one week after the occurrence. At the close of the evidence the trial judge granted defendant Insolia's motion for a directed verdict in his favor and denied

427

the motions of the other defendants for directed verdicts.

On the day of the occurrence, the boy and his tricycle fell into a hole in an excavated, unfenced area on the Garnello lot, between the north foundation wall and the Debias sidewalk, which had not been "back filled," and which was about four feet deep. There were no eyewitnesses. The boy testified that, "I went next door to a neighbor and fell down, that's about all I can remember." Salvatore Dimucci, the father, testified that the first knowledge he had of the incident was when a neighbor informed him that his boy was hurt and that he found the boy twenty to twenty-five feet from the public sidewalk in the excavation next to the Debias sidewalk with the tricycle on top of him. The Debias private sidewalk ran from the public sidewalk to the end of their lot and was thirty inches wide.

The plaintiff contends that there was no evidence supporting the verdict finding all of the defendants not guilty and in any event the verdict was clearly against the manifest weight of the evidence. The plaintiff's theory is that the defendant or defendants in possession or control of the premises violated their common-law duty to maintain the premises so as not to endanger any person using the sidewalk, and that as a proximate result of such violation of duty plaintiff was injured.

The facts presented in this case fail to show what caused the boy to fall into the excavation. No one testified as to what caused the plaintiff to fall nor as to how he ended up in the excavation. Any evidence of negligence on the part of the defendants is thus purely circumstantial. It is true that in Illinois, negligence and the proximate cause of an injury need not be determined by eyewitnesses, but may be proved and determined by circumstances in evidence. 38 Am

Jur Negligence, Sec 334. It is, however, also true that a jury presented with a case built upon circumstantial evidence may, in the diligent pursuit of its duties, find that the evidence is insufficient to support a verdict.

 The plaintiff has a duty to prove by a preponderance of the evidence that the defendants were negligent and that the negligence of any or all of the defendants was the proximate cause of the boy's injury. The question of preponderance is a matter for jury and the trial judge and does not arise in this court. Here we are concerned only with the manifest weight of the evidence and it requires much more for this court to set aside a verdict and judgment than is required of the trial judge. A court of review must take into consideration not only the verdict of the jury, but the fact that the trial judge also saw and heard the witnesses, heard arguments of counsel and then denied the plaintiff's post-trial motions. Vasic v. Chicago Transit Authority, 33 Ill App2d 11, 180 NE2d 347.

It was contended in plaintiff's brief although not argued that the verdict and judgment are against the manifest weight of the evidence. We do not consider the verdict contrary to the manifest weight of the evidence.

The primary contention of the plaintiff is that the uncontroverted evidence established as a matter of law that the proximate cause of the injury was the negligent act[s] of one or all of the defendants, and that plaintiff is therefore entitled to recover irrespective of the jury verdict.

The evidence shows that the boy was alone and on his neighbor's premises some distance from the public sidewalk. We recognize that a child of tender age, such as the plaintiff, is not chargeable with contributory negligence in Illinois, nor is the action barred by

the contributory negligence of the parents. Nudd v. Matsoukas, 6 Ill App2d 504, 128 NE2d 609. We do not agree, however, that the plaintiff's evidence proved that as a matter of law the defendants' actions were the proximate cause of plaintiff's injuries. There was sufficient evidence to take the case to the jury and we must observe that while the defendants moved for a directed verdict at the close of the evidence the plaintiff did not make any such motion.

In Hilbert v. Dougherty, 34 Ill App2d 174, 180 NE2d 699 the plaintiff's intestate who was engaged in the tire repair business went to defendant's premises at the latter's request and was electrocuted while changing a tire on the defendant's refrigeration truck. There it was plaintiff's contention that the proximate cause of the death of plaintiff's intestate was the negligent use, handling and control of electrical current by defendant in having no ground connection and by having defective or improper electrical installation of equipment. As in the instant case, the plaintiff claimed, that as a matter of law, the proximate cause of the injury was the negligent acts of defendant. In affirming the not guilty verdict and judgment the Appellate Court on p 177 said:

On appeal in this case it is apparently the contention of plaintiff that the proximate cause of the death of plaintiff's intestate was the negligent use, handling, and control of electrical current by defendant in having no ground connections and by having defective or improper electrical installation of equipment which caused the death of plaintiff's intestate. Negligence does not become a question of law unless the evidence is such that all reasonable men would agree in their deduction from it; and that if from the facts bearing upon the question of negligence reasonable men of fair understanding might draw different

430

conclusions, the question is one of fact, not of law, and must be submitted to the jury (Cascio v. Bishop Sewer & Water Co., 2 Ill App2d 378, at 383, 119 NE2d 531).

Plaintiff's argument is chiefly based on the proposition that a minor child, as a matter of law, has a right to recover from anyone responsible for leaving an excavation unfenced on the theory that it was a violation of a common-law duty. The cases of Pisko v. United Breweries, 181 Ill App 542 and O'Malley v. Marquardt, 170 Ill App 278 which are relied on strongly by plaintiff are, in our opinion, distinguishable from the case at bar on the facts involved.

In Pisko the evidence showed that a portion of the unguarded excavation was on the lot where the plaintiff, a child of three, resided, and that there was a narrow passageway between the buildings. In the case at bar there was no showing that the walk between the Debias residence and the Garnello lot was used in common by the plaintiff or other members of his family or that children frequently used this walk. In Pisko the court also remarked that it might have been anticipated by the defendant that the children who lived next door and used the common passageway might be placed in danger by an unprotected excavation. In the case at bar the evidence reveals that Mr. and Mrs. Debias, whose home was immediately adjacent to the defendant's property, had no children.

In O'Malley, a child of four fell into an exacavation adjoining the private walk on his parent's property and on a line between the two properties. In the instant case the child did not fall from a sidewalk adjoining the premises of his parents, but was found two doors away about twenty to twenty-five feet from the public sidewalk.

431

Once these cases have been distinguished on their facts they can be seen as strengthening rather than weakening the defendant's position. In both of these cases the evidence was submitted to the trier of facts and the Appellate Court refused to disturb the verdict or judgment arrived at. This is also true in many other cases cited to us by plaintiff. As was said in the Hilbert case p 177:

> Where the evidence of material facts—even a conceded state of facts—would cause fair-minded men of ordinary intelligence to differ as to conclusions to be drawn therefrom, negligence is still a question of fact for the jury (Minters v. Mid-City Management Corp., 331 Ill App 64, 71, 72 NE2d 729; Jung v. Dixie Greyhound Lines Inc., 329 Ill App 361, 363–364, 68 NE2d 627).

We conclude that under the circumstances it was within the province of the jury to decide whether the defendants were negligent and whether such negligence proximately caused the plaintiff's injuries. For the reasons given the judgment is affirmed.

Judgment affirmed.

ENGLISH, P. J. and MURPHY, J., concur.